Virginia y Luis Gilberto Peña Castro, demandantes y apelantes, *v.* María Mendoza, demandada y apelada.

Núm. 8366.—*Sometido:* Marzo 3, 1942. *Resuelto:* Marzo 12, 1942.

*F. González Fagundo,* abogado de los apelantes; *Dubón y Ochoteco,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

El día 8 de febrero de 1930, don Francisco Peña Vázquez, padre legítimo de los demandantes, otorgó una escritura pública por la que confesó haber recibido de doña María Mendoza, en calidad de préstamo, la suma de $3,200; y en garantía del pago de dicha suma constituyó hipoteca sobre dos fincas urbanas de su propiedad. La señora Mendoza radicó ante la Corte de Distrito de Humacao una demanda contra la Sucesión del Sr. Peña, para hacer efectivo el crédito hipotecario.

En la demanda sobre nulidad de escritura hipotecaria, radicada por los aquí apelantes contra la señora Mendoza, se alega que la demandada y el Sr. Peña desde mucho antes de febrero 8 de 1930 vivieron bajo un mismo techo, en concubinato público como marido y mujer y que durante todo ese tiempo la demandada era insolvente por carecer de bienes de fortuna; que ambos concubinos se pusieron de acuerdo con el único propósito de defraudar a los demandantes y privarles de su legítimo derecho a las dos fincas urbanas hipotecadas por Peña a María Mendoza; que la escritura de hipoteca es simulada y fué otorgada con el indicado propó-

sito fraudulento y sin que en ningún momento María Mendoza entregara cantidad alguna a Peña. Piden los demandantes que se dicte sentencia declarando inexistente y nulo el contrato de hipoteca y nulo el procedimiento instituído para su cobro.

Contestó la demandada negando los hechos esenciales de la demanda, y alegando como defensas especiales: que la demanda es insuficiente; que la Corte de Distrito de Humacao carece de jurisdicción, por ser la demandada vecina de Cayey, y que tampoco la ha adquirido por razón de la causa de acción ejercitada por los demandantes; que éstos carecen de capacidad y personalidad para pedir la inexistencia y nulidad del contrato de hipoteca, aun cuando éste fuere simulado; que en dicho contrato medió consentimiento, objeto y causa, siendo cierto el préstamo a que el mismo se refiere; que aun en el supuesto de que no se hubiere hecho tal préstamo, siempre existió consideración para dicho contrato, siendo dicha consideración la liberalidad del causante de los demandantes para con la demandada; que la causa de acción que se pretende ejercitar está prescrita a tenor de lo dispuesto en el artículo 1253 del Código Civil (ed. 1930); que los demandantes están impedidos, a virtud de la escritura otorgada y de los actos realizados por el causante (*estoppel by deed and acts*) de solicitar la nulidad de la escritura.

En el acto de la vista, al terminar de presentar su prueba los demandantes, la demandada formuló una moción de *nonsuit,* la cual fué declarada con lugar, dictándose acto seguido sentencia por la que se desestimó la demanda y se condenó a los demandantes al pago de costas y honorarios de abogado.

Los demandantes basan el presente recurso en dos señalamientos de error, consistiendo el primero en haber declarado con lugar la moción de nonsuit y sin lugar la demanda; y el segundo, en haber resuelto que para la fecha del fallecimiento de Francisco Peña, la acción había ya prescrito.

¿Erró la corte inferior al declarar con lugar la moción de nonsuit? ¿Era la evidencia presentada por los demandantes tan insuficiente que hiciera innecesaria la presentación de evidencia por parte de la demandada? Veamos.

La escritura de hipoteca ofrecida en evidencia por los demandantes, contiene la siguiente cláusula:

"*Primera:* Don Francisco Peña confiesa tener recibida de manos de Doña María Mendoza la cantidad de tres mil doscientos *dollars* al interés del doce por ciento anual, cantidad que se compromete a devolver el día veintiséis de febrero de mil novecientos treinta y dos, debiendo los intereses ser satisfechos por el deudor a la acreedora por mensualidades vencidas."

En el párrafo 4 de la demanda, después de alegar que la escritura de hipoteca fué otorgada por los concubinos con el propósito de defraudar a los demandantes de su derecho a heredar los bienes hipotecados, siguen alegando los demandantes "que en ningún momento María Mendoza entregó cantidad alguna al causante Francisco Peña Vázquez en calidad de préstamo y que dicha señora vivió con él en las fincas descritas hasta el momento de su muerte, siendo tanto en febrero 8 de 1930 cuanto en las fechas posteriores, completamente insolvente."

Del récord no aparece que los demandantes presentaran evidencia alguna en cuanto al alegado estado de insolvencia de la señora Mendoza en el momento o después de la celebración del contrato de hipoteca, ni tampoco para sostener su alegación de que no hubo entrega de dinero por la señora Mendoza a Peña. La prueba testifical tendió a probar solamente que dicha señora y el señor Peña vivían juntos bajo el mismo techo y en condiciones que indicaban que vivían como marido y mujer, continuando esa convivencia hasta la fecha del fallecimiento de Peña. Empero, los demandantes insisten en que de los términos en que está redactada la cláusula primera de la escritura de hipoteca, supra, surgió la presunción *juris tantum* de que no medió precio ni su equi-

valente en el contrato y en consecuencia que el contrato era nulo e inexistente por falta de causa o consideración; y que siendo esto así, a la demandada incumbía probar el hecho alegado en su contestación, de que ella había en realidad entregado a Peña el importe del préstamo que éste le garantizó con hipoteca. Citan en apoyo de su contención, *Santini Fertilizer Co.* v. *Burgos,* 34 D.P.R. 869, 872; artículo 1249 Código Civil, Ed. 1930 y 40 de la Ley Hipotecaria; *Colón* v. *Schlüter,* 48 D.P.R. 879 y *Sosa* v. *Fidalgo,* 56 D.P.R. 50.

Sostiene la demandada apelada, que no siendo los demandantes acreedores de Peña no tienen causa de acción para pedir la nulidad del contrato por haber sido éste otorgado en fraude de acreedores, y que no son por tanto de aplicación los artículos 1249 del Código Civil y 40 de la Ley Hipotecaria.

La acción que ejercitan los demandantes se basa en la alegada inexistencia, por falta de causa, del contrato de préstamo e hipoteca contenido en la escritura de febrero 8 de 1930. Alegan que dicho contrato nunca tuvo existencia legal, porque la demandada nunca entregó cantidad alguna en calidad de préstamo al causante de los demandantes; y como única prueba de esa alegada falta de causa invocaron la presunción legal que a su juicio surge del texto de la cláusula primera de la escritura, supra.

La contención de la demandada apelada está sostenida por la ley y la jurisprudencia.

■ La demandada tiene a su favor, a menos que fueren controvertidas por otra evidencia, dos de las presunciones disputables enumeradas en el artículo 464 del Código de Enjuiciamiento Civil, Ed. 1933 (Ley de Evidencia, 102), a saber:

"19. Que las transacciones privadas fueron realizadas con rectitud y en debida forma.

". . . . . . . . . .

"38. Que al efectuarse un contrato escrito medió la correspondiente compensación."

Los demandantes, como ya hemos dicho, no presentaron prueba alguna tendiente a controvertir las dos citadas presunciones legales. Y de acuerdo con la misma jurisprudencia por ellos citada, la presunción que invocan a su favor, sólo puede ser invocada por un acreedor. "Se presumen celebrados en fraude de acreedores", dice el artículo 1249 del Código Civil, "todos aquellos contratos por virtud de los cuales el deudor enajenare bienes a título gratuito." Y basta leer los artículos 39 y 40 de la Ley Hipotecaria para comprender que sus disposiciones son aplicables solamente a las acciones que pueden ejercitar los acreedores para solicitar la revocación de las donaciones, cesiones, constituciones o renuncias de derechos reales hechas por el deudor, las cuales se presumirán como hechas en fraude de acreedores, "siempre que no haya mediado precio, su equivalente u obligación preexistente vencida". Es solamente en los casos de enajenaciones en fraude de acreedores, que surge la presunción de no haber mediado precio ni su equivalente, cuando el notario no da fe de su entrega.

Los demandantes no son acreedores del finado. Son sus herederos. Y como tales, solamente podrían atacar una enajenación gratuita hecha por el causante, cuando la propiedad enajenada excediere del tercio de libre disposición. Artículos 576 y 578 Código Civil. En el presente caso no se ha alegado ni probado que el valor de los solares hipotecados exceda de la parte del caudal hereditario de la cual el difunto Peña podía disponer libremente de acuerdo con la ley.

Opinando como opinamos que la corte inferior no erró al declarar con lugar la moción de nonsuit, creemos innecesario discutir el segundo señalamiento.

*Debe confirmarse la sentencia recurrida.*