Sucn. de Bernardo Soto, Etc., demandantes y apelados, *v.* María Vélez, Ignacio Vargas y su esposa Saturnina Rivera, demandados y apelante la primera.

Núm. 8387.—*Sometido:* Marzo 13, 1942. *Resuelto:* Abril 8, 1942.

*Pedro E. Anglade,* abogado de la apelante; *José Córdova Rivera* y *Luis Mercader,* abogados de los apelados.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

El presente es un pleito instado por los herederos de Bernardo Soto Cruz con el fin de establecer la inexistencia de dos contratos y para reivindicación que envuelve dos propiedades. La corte de distrito concedió el remedio solicitado

en cuanto a una de las propiedades y lo denegó en cuanto a la otra. María Vélez, una de las demandadas, ha apelado de la sentencia en tanto en cuanto ésta concedió el remedio solicitado.

La opinión y sentencia de la corte de distrito lee en parte como sigue:

"Resulta probado por un documento que se presentó por los demandantes, que en 31 de mayo de 1931, Bernardo Soto compró a Ignacio Vargas una finquita rústica compuesta de 17 cuerdas más o menos, en el barrio Quebrada de Camuy. Para esa fecha Soto ya estaba casado con su segunda esposa María Sánchez Román, conocida también por María Sindo Román, con quien contrajo matrimonio en 24 de marzo de 1926.

"Bernardo Soto se separó de su esposa y llevó vida marital con la demandada María Vélez hasta su muerte, que ocurrió en septiembre de 1936.

"Allá para el 2 de febrero de 1933, Ignacio Vargas, acompañado de su esposa, hizo una escritura a favor de María Vélez Ramos, querida de Bernardo Soto, por la cual, aparentemente, le traspasa la misma finca que Soto había adquirido del referido Vargas en el año 1931. Se deduce lógicamente que él quiso poner a favor de la querida con quien vivía, la propiedad que hacía varios años era de su pertenencia y que el contrato, por tanto, fué simulado."

Alega la apelante que (a) el documento de mayo 31, 1931 por el cual Ignacio Vargas vendió a Bernardo Soto la finca en cuestión, no fué debidamente identificado; (b) no hay prueba de que Soto tuvo en alguna ocasión, no ya la posesión, sino que tuviera la finca como dueño exclusivo; (c) no hay prueba de que María Vélez era insolvente; (d) no hay prueba de que existiera una combinación entre Bernardo Soto, Ignacio Vargas y su esposa y María Vélez para burlar de sus derechos a los herederos de Bernardo Soto.

Las alegaciones (b), (c) y (d) no tienen base. La viuda de Bernardo Soto declaró en cuanto a la posesión, propiedad y cultivo de la finca por Bernardo Soto, y la corte de distrito aparentemente creyó su testimonio. Y si la supuesta venta de Vargas a María Vélez en 1933 es establecida me-

diante otra evidencia adecuada como una venta simulada, resulta inmaterial la alegada falta de prueba en cuanto a la insolvencia de María Vélez o en cuanto a la participación de ·otros en la combinación.

■ De la misma manera la corte de distrito no erró al admitir el documento de mayo 31, 1931 y en darle una importancia decisiva. Marcelino Torres, quien compareció como testigo en el documento, a pesar del hecho de que su testimonio fué evasivo y contradictorio, admitió finalmente que él había sido testigo de su otorgamiento. Continuó insistiendo que Ignacio Vargas había realmente vendido la finca a María Vélez, pero la corte no dió crédito a esta parte de su testimonio y estuvo enteramente justificada en así hacerlo. Aunque evidentemente alguien había preparado a este testigo, no se puede escapar la conclusión de que en 1931 el testigo presenció el otorgamiento de un documento por el cual Vargas vendió a Bernardo Soto la propiedad en cuestión. Este fué el mismo documento que José Córdova Rivera, un abogado, declaró le había sido entregado por el fiscal de distrito, quien lo encontró en un baúl de Bernardo Soto mientras investigaba la muerte de éste.

■ Arguye la apelante que la escritura de 1933 no puede ser atacada ·debido a las presunciones halladas en los párrafos 19, 27, 32 y 38 del artículo 464 del Código de Enjuiciamiento Civil. Llama la atención especialmente a la presunción encontrada en el párrafo 38 ''Que al efectuarse un contrato escrito medió la correspondiente compensación.'' Pero estas presunciones, como lo declara el mismo artículo 464, son ''presunciones disputables y pueden controvertirse mediante otra evidencia''. Esto es exactamente lo que ocurrió en este caso. La evidencia fué que Soto abandonó a su esposa y la apelante convirtióse en su querida. Más tarde, mediante documento privado, Soto compró la finca en cuestión. Entonces, dos años más tarde, los mismos vendedores pretendieron vender a la querida la misma propiedad. De acuerdo con la evidencia el mismo Soto estuvo presente

cuando se otorgó la escritura posterior, aunque no firmó como testigo. Bajo las circunstancias de este caso la corte de distrito estuvo justificada al resolver que la escritura pública de 1933 de Vargas a María Vélez fué un contrato simulado. Véanse *Rivera v. Sucn. Caraballo*, 56 D.P.R. 736; *González et al. v. Fumero et al.*, 38 D.P.R. 556.

*La sentencia de la corte de distrito será confirmada.*

El Juez Asociado Sr. Travieso no intervino.