MARÍA RODRÍGUEZ, demandante y apelante, *v.* PEDRO A. PIZÁ y FÉLIX RODRÍGUEZ MORELL, demandados y apelados.

Núm. 8478.—*Sometido:* Junio 4, 1942. *Resuelto:* Julio 8, 1942.

*Luis Vizcarrondo Coronado* y *Angel Arroyo,* abogados de la apelante; *F. M. Susoni, Jr.,* abogado del Sr. Pizá, apelado.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Alegando haber prestado la declaración jurada ante el márshal y la fianza que exige la ley, María Rodríguez inició en la corte municipal de San Juan, sección primera, este pleito de tercería contra Pedro A. Pizá y Félix Rodríguez en reclamación del automóvil Pontiac número 6481, que el demandado Pizá había embargado como de la propiedad del otro demandado Rodríguez. Sostuvo que dicho automóvil le pertenecía por haberlo comprado a Aguirre y Thillet y no haberlo traspasado a ninguna otra persona.

El demandado Pizá excepcionó la demanda por falta de hechos constitutivos de causa de acción y la contestó negando que la demandante fuera dueña del automóvil embargado, y, como materia nueva, alegó que en mayo 23, 1938, Aguirre y Thillet convino con el codemandado Rodríguez la

venta condicional del automóvil de que se trata; que a solicitud de Rodríguez, Aguirre y Thillet se avino a hacer figurar en el contrato a la demandante como dueña, a condición de que Rodríguez suscribiera mancomunada y solidariamente con la demandante la obligación; que Rodríguez ha estado en posesión del automóvil desde el día de su adquisición como dueño, habiendo ido pagando los plazos convenidos sin que la demandante haya tomado participación en dichos pagos.

Celebrada la vista, la corte municipal dictó sentencia declarando la demanda con lugar. No conforme el demandado Pizá, apeló para ante la corte de distrito y ésta falló el pleito en contra de la demandante en los siguientes términos:

"Por los fundamentos de su opinión unida a los autos de este caso y habiendo la reclamante María Rodríguez dejado de probar su derecho al automóvil descrito en la demanda de tercería, por la presente se dicta sentencia en contra de la referida María Rodríguez y sus fiadores Avelino Márquez Muñoz y Aurelio González por la cantidad de $125, o sea la cantidad reclamada que dió margen a la orden en cuya virtud se procedió al embargo del automóvil Pontiac, y se dicta sentencia por esta cantidad por la razón de que el valor del automóvil embargado es mayor a la cantidad reclamada en el pleito que dió origen a esta tercería; todo ello de acuerdo con el artículo 14 de la Ley de Tercerías sobre Bienes Muebles (Código de Enjuiciamiento Civil, ed. 1933, página 112); esta cantidad devengará intereses legales sobre la misma deuda [desde] la fecha de la fianza, o sea desde el 14 de septiembre de 1938. Se imponen además las costas de esta acción a la demandante María Rodríguez."

La demandante apeló para ante este tribunal, señalando como errores que la sentencia es incongruente con las alegaciones y la prueba; que la materia nueva alegada en la contestación no es tal, sino más bien una contrademanda en rescisión de un contrato celebrado en fraude de acreedores que no aduce hechos suficientes, y que el juez sentenciador hizo un indebido uso de su discreción y erró de modo manifiesto en la apreciación de la prueba. El demandado Pizá no presentó alegato, ni compareció a la vista del recurso.

■ El primer error no fué cometido. La sentencia dictada no es incongruente con las alegaciones, si que se ajusta a lo dispuesto en la ley sobre la materia.

El artículo 14 de la Ley para proveer el procedimiento en los casos de tercerías sobre bienes muebles e inmuebles, aprobada en marzo 14, 1907, Código de Enjuiciamiento Civil, ed. 1933, página 112, expresamente dispone que en todos los casos en que el reclamante de una propiedad, bajo las disposiciones de la Ley de Tercería—aquí María Rodríguez—, dejare de probar su derecho a ella, se dictará fallo en contra de él y de sus fiadores, por el valor de la propiedad, con interés legal sobre el mismo desde la fecha de la fianza.

Y dispone además que cuando dicho valor fuere mayor que la cantidad reclamada en la orden en cuya virtud se procedió al embargo de la propiedad—como sucedía en este caso—, la indemnización se computará sobre la cantidad reclamada en la orden, que fué lo que hizo el juez sentenciador al dictar sentencia en contra de la demandante en tercería y de sus fiadores, por la suma de ciento veinticinco dólares, que era la reclamada en la demanda que dió origen a la orden de embargo.

Para aclarar esas disposiciones de la ley, parece conveniente referirnos a otra, la contenida en el artículo 15, acerca de que si dentro de los diez días de haberse dictado el fallo contra el reclamante, éste devolviere la propiedad en la misma buena condición en que la hubiere recibido, y pagare por el uso de la misma así como por los daños y costas causados, con tal entrega y pago se tendrá por satisfecha la sentencia.

Esas disposiciones tienden a simplificar el procedimiento a la vez que a reducir las demandas de tercería a aquéllas en que el tercerista esté bien seguro de lo que alega, ya que de otro modo, al dejar de probar su derecho, se convertirá con sus fiadores en responsable de la reclamación.

■■ Examinemos el segundo señalamiento de error, que con tanta fuerza argumenta la demandante en su alegato y que a nuestro juicio no existe.

En el caso de *Rivera* v. *Sucn. Caraballo,* 56 D.P.R. 736, quedó ratificada la jurisprudencia sobre que "Un contrato simulado es más que nulo o rescindible, no existe. Por tanto, la parte perjudicada no necesita pedir previamente su rescisión por haberse celebrado en fraude de acreedores o su nulidad de acuerdo con el artículo 1252 y siguientes del Código Civil (ed 1930) si que, prescindiendo de él como inexistente, puede entablar directamente la acción reivindicatoria."

Aquí no se pide la nulidad de un contrato celebrado en fraude de acreedores. Se parte de la base de que el título que ostenta la demandante es inexistente. Pizá embargó el auto de que se trata como de Félix Rodríguez, y si es verdad lo que alega con respecto a la simulación, pudo hacerlo, porque María Rodríguez, no obstante figurar como dueña, jamás llegó a adquirir derecho alguno sobre la propiedad.

■ Para resolver el tercer señalamiento precisa estudiar la prueba. No hay cuestión sobre el hecho de que la venta condicional se hizo a favor de la demandante ni sobre la inscripción del auto en el Departamento del Interior a nombre de la misma. La cuestión es la de si ello es o no la consecuencia de una simulación.

La evidencia aportada por ambas partes es larga y confusa y en ella se involucran cuestiones que no pueden tomarse en consideración para la decisión del litigio. En lo relativo a la simulación es contradictoria y el conflicto fué resuelto por el juez sentenciador en contra de la demandante.

No se ha demostrado que dicho juez al actuar así lo hiciera movido por pasión, prejuicio o parcialidad. Tampoco que cometiera error manifiesto alguno. Su criterio debe por tanto prevalecer.

No habiéndose cometido ninguno de los errores señalados, *procede la desestimación del recurso y la confirmación de la sentencia.*

El Juez Asociado Sr. De Jesús no intervino.