Logia Caballeros del Plata Núm. 9758 de Cayey, representada por su Presidente, Sr. Emilio Aponte, demandante y apelante, *v.* Lucía García Méndez y Miguel García Méndez, demandados y apelados.

Núm. 8851.—*Sometido:* Enero 17, 1944. *Resuelto:* Marzo 28, 1944.

*Ubaldo Aponte,* abogado de la apelante; *Víctor M. Pons,* abogado de los apelados.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

Por escritura pública otorgada el 6 de agosto de 1936, la Logia demandante vendió a la demandada doña Lucía García Méndez un solar con casa de madera radicados en el pueblo de Cayey. En la demanda interpuesta por la Logia se alega como primera causa de acción que el contrato de compraventa contenido en dicha escritura es inexistente por las razones siguientes:.

(1) Porque aun cuando en la escritura aparece como compradora Lucía García Méndez, el verdadero comprador lo fué el otro demandado, Miguel García Méndez, quien era en esa fecha miembro de la Logia y de su Junta de Directores.

(2) Porque desde la fecha del contrato el demandado Miguel García Méndez ha estado en la posesión material de la finca, actuando como su único dueño, sin que en ningún momento actuara como dueña la otra demandada.

(3) Porque la Junta Directiva de la Institución en Cayey carecía de facultad para enajenar la finca sin el consentimiento de la Gran Orden Unida de Oddfellows de América, el cual nunca fué obtenido.

Como segunda causa de acción se alega que los demandados, sin título para ello y contra la expresa voluntad de la demandante se encuentran en la posesión material de la finca, la que tiene un valor de $5,000. Pide la demandante que se declare inexistente y nulo el contrato de compraventa y que se condene a los demandados a entregar la finca a la demandante y a pagar costas y honorarios de abogado.

Comparecieron los demandados y formularon excepción previa a la demanda alegando (*a*) que los hechos alegados son insuficientes para constituir causa de acción; (*b*) que la

acción de nulidad que se ejercita está prescrita a tenor de lo dispuesto en el artículo 1268 del Código Civil (art. 1253, Ed. 1930), por haber transcurrido más de cuatro años desde agosto 6, 1936, fecha del otorgamiento del contrato, hasta julio 7, 1941 en que se radicó la demanda; (c) que la demanda es ambigua, ininteligible e imprecisa; y (d) que la demandante no tiene capacidad legal para demandar. La Corte de Distrito de Guayama declaró con lugar la excepción previa en todas sus partes y a petición de la demandante dictó sentencia declarando sin lugar la demanda, con costas a la demandante. Ésta interpuso el presente recurso, señalando como errores cometidos por la corte inferior el haber declarado con lugar cada uno de los fundamentos de la excepción previa.

■ La primera cuestión a resolver es si los hechos alegados como base de la primera causa de acción y admitidos por la excepción previa, son suficientes para dar derecho a la demandante al remedio que solicita.

La Logia demandante, afiliada a la Gran Orden Unida de Oddfellows de América adquirió la finca en litigio. Desde el momento en que se efectuó esa adquisición, la finca no podía ser enajenada sin el consentimiento de la citada Gran Orden. En agosto 6 de 1936, sin obtener el consentimiento de la Gran Orden, la finca fué simuladamente vendida a Lucía García Méndez, siendo el verdadero comprador Miguel García Méndez, miembro y director de la Asociación dueña del inmueble. Estos hechos, admitidos por la excepción, son a nuestro juicio suficientes para establecer un caso prima facie de inexistencia de contrato, pues no puede haber contrato cuando falta el requisito esencial del consentimiento de una de las partes contratantes. (Art. 1213 del Código Civil). Si la Logia demandante no estaba legalmente facultada para consentir y la Gran Orden no otorgó el consentimiento necesario para poder enajenar el inmueble, es inevitable la conclusión de que si esos hechos fueren sostenidos por la

evidencia, la inexistencia del contrato quedaría satisfactoriamente establecida. Los fundamentos expuestos por la corte inferior para sostener la excepción·en cuanto a la alegada insuficiencia de la primera causa de acción son erróneos. Empero, la demanda interpuesta adolece de una insuficiencia que puede ser subsanada y que debe serlo antes de que la acción que se trata de ejercitar pueda prosperar. No se alega en dicha demanda que la Logia demandante haya devuelto o esté dispuesta a devolver o haya ofrecido devolver a los demandados la suma pagada por éstos a los representantes de la Logia como precio por la adquisición del solar. Y en cuanto a ese particular, la excepción previa debe ser sostenida, con permiso a la demandante para enmendar su demanda.

■ La segunda causa de acción depende para su éxito del éxito de la primera. Si se declarase que el contrato de compraventa envuelto en la primera causa de acción es inexistente, el dominio de la finca en litigio nunca pasó a los demandados y la demandante tendría derecho a reivindicar el inmueble.

■ La alegada ambigüedad e imprecisión de la demanda es fácilmente explicable. La Logia demandante, según se alega en el párrafo primero de la primera causa de acción, está afiliada a la Gran Orden Unida de Oddfellows de América. En el inciso (3) del párrafo cuarto se alega que desde que la finca "fué adquirida por la demandante", pasó a ser propiedad de la Gran Orden y la Logia en Cayey "carecía de facultades para enajenar esta propiedad sin el consentimiento de la Gran Orden o de alguna de sus Juntas de Gobierno". Aún cuando las alegaciones de dicho párrafo no son un modelo de claridad y perfección, ellas son suficientes para informar al que las lee, que la Logia demandante adquirió para sí la finca, pero sujeta a la limitación de que no podría disponer de ella sin obtener previamente el consentimiento de la Gran Orden.

■ También erró la corte inferior al sostener la excepción previa en cuanto a la alegada falta de capacidad legal de la demandante. En la demanda se alega que la demandante "es una institución con fines no pecuniarios inscrita bajo las leyes de Puerto Rico". Es indudable que la alegación sería más perfecta si se hubiese dicho que la demandante "es una asociación organizada para fines no pecuniarios de acuerdo con las leyes de Puerto Rico y debidamente inscrita en la Secretaría Ejecutiva de Puerto Rico". Empero, lo alegado es a nuestro juicio suficiente para informar a los demandados, quienes pretenden derivar su título del de la demandante, que ésta es una asociación de fines no pecuniarios y como tal capacitada para demandar y ser demandada. Además, el alegado defecto fué subsanado por el apartado (b) del Pliego de Particulares, en el que se hace constar que la demandante se constituyó como entidad jurídica al amparo de la Ley para Incorporar Asocaciones con fines no pecuniarios, de marzo 9, 1911.

■ ¿Prescribió por el transcurso de cuatro años la acción sobre inexistencia de contrato, que es la que se ejercita en este caso?

El artículo 1213 del Código Civil (Ed. 1930) dispone que no hay contrato cuando no concurre el consentimiento de los contratantes. La demandante alegó y los demandados admitieron que la Gran Orden Unida de Oddfellows de América, que era la entidad facultada para consentir la venta de la finca adquirida por la Logia demandante, nunca dió su consentimiento para el otorgamiento de la escritura de agosto 6 de 1936. Faltando ese consentimiento, es preciso resolver que el alegado contrato de compraventa nunca tuvo existencia legal. Si la demandante no tenía capacidad para vender la finca, el contrato nunca adquirió existencia legal, pues la capacidad es "precedente indispensable para que pueda concurrir uno de los requisitos de aquél: el consentimiento." Manresa, Vol. 8, pág. 628.

La ación que se ejercita en este caso no es la de nulidad de contrato. Para que proceda la acción de nulidad es necesario que el contrato tenga existencia legal por haber concurrido en el mismo los tres requisitos que exige el art. 1213—consentimiento, objeto cierto y causa. Y ya hemos visto que en este caso no hubo consentimiento por parte de la entidad facultada para otorgarlo.

No estamos conformes con la opinión de la corte inferior en cuanto a que el contrato en este caso es anulable y no inexistente porque la Gran Orden podría, si quisiera, ratificarlo.

Las disposiciones del artículo 1253 del Código Civil, ed. 1930, no son aplicables cuando la acción que se ejercita se basa en la inexistencia del contrato. *Emanuelli* v. *Cadierno*, 50 D.P.R. 134, 146. Erró por tanto la corte inferior al resolver que la acción estaba prescrita.

*Debe revocarse la sentencia recurrida y devolverse el caso a la corte inferior para ulteriores procedimientos no inconsistentes con esta opinión, con instrucciones a la corte inferior para que conceda a la demandante un término de diez días para enmendar su demanda.*