LUCIANO, TOMÁS, AURELIA, FELÍCITA, ALEJANDRO Y QUINTÍN HERNÁNDEZ CIRINO, demandantes y apelantes, *v.* ADOLFINA AYALA, demandada y apelada.

Núm. 9714.—*Sometido:* Junio 2, 1948. *Resuelto:* Junio 18, 1948.

*Harry B. Llenza,* abogado de los apelantes; *R. R. Rivera Correa,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Éste es un pleito de reivindicación, declaración de inexistencia de contratos y otros extremos. Como a la demanda instada por los demandantes presentó la demandada una moción para desestimar basada en que aquélla no aduce hechos constitutivos de causa de acción y tal moción fué declarada con lugar y la resolución así dictada ha sido objeto del primer señalamiento de errores, nos parece indis-

pensable hacer una breve reseña de las alegaciones de la demanda. En ésta se alega que en 8 de septiembre de 1942 falleció Sotero Hernández, dejando por únicos y universales herederos a sus legítimos hijos, los aquí demandantes; que con anterioridad al 30 de enero de 1933 dicho Sotero Hernández adquirió de Lorenzo Orta y su esposa Elisa Torres Ayende por la suma de $250 un solar compuesto de 250 metros cuadrados en el cual enclavan dos casas terreras, construídas de madera, con techo de zinc; que en 30 de enero de 1933 Sotero Hernández solicitó y obtuvo de los vendedores Orta y esposa que comparecieran ante un notario y simularan a favor de su concubina, la demandada Adolfina Ayala, la compraventa de la finca a que ya se ha hecho mención, haciéndose constar en dicha escritura que la venta se efectuaba por la suma de $250 que los vendedores habían recibido de manos de la compradora con anterioridad al otorgamiento, siendo falsa tal manifestación, ya que fué Sotero Hernández quien compró y pagó el indicado precio; que ratificando la simulación de la indicada escritura, Adolfina Ayala y Sotero Hernández en 16 de octubre de 1939 acudieron ante otro notario y otorgaron una escritura a virtud de la cual la primera vendió al segundo el inmueble a que ya se ha hecho mención, pero haciéndose constar en esa escritura que Adolfina Ayala había recibido su precio con anterioridad al otorgamiento; que 64 días después de otorgada la escritura que se acaba de mencionar el causante de los demandantes compareció ante notario y simuló igualmente a favor de la demandada Adolfina Ayala la venta de la tantas veces mencionada finca, haciendo constar que la misma se efectuaba por precio de $650, que se decían haberse entregado en presencia del notario autorizante; que no obstante esto último tal entrega fué el resultado de la simulación concertada entre Sotero Hernández y su concubina, siendo ésta insolvente y sin medios económicos de clase alguna con qué afrontar las obligaciones especificadas

en las escrituras a que se ha hecho mención; que Adolfina Ayala en ningún momento pagó a Lorenzo Orta cantidad alguna representativa del valor de la indicada finca; que Sotero Hernández tampoco pagó cantidad alguna a Adolfina Ayala en 16 de octubre de 1939; ni ésta a Sotero Hernández en diciembre 30 de 1939, siendo Sotero Hernández quien compró y pagó el valor del precio estipulado a Lorenzo Orta, y siendo todos dichos traspasos fraudulentos y simulados y llevados a efecto de mutuo acuerdo entre Sotero Hernández. y su concubina Adolfina Ayala, con el propósito de simular la insolvencia de aquél y de privar a los demandantes de su participación hereditaria en los bienes de su padre, quien para esas fechas se encontraba disgustado con los demandantes por las recriminaciones que éstos le hicieron cuando él abandonó a la madre legítima de ellos por su concubina la demandada; que la demandada nunca pagó cantidad alguna por la indicada finca y sí Sotero Hernández, quien desde el 30 de enero de 1933 estuvo poseyendo la finca quieta y públicamente, en concepto de dueño y sin interrupción hasta la fecha de su muerte.

La demanda contiene además una segunda causa de acción al efecto de que la demandada tiene cedida en arrendamiento una de las dos casas antes mencionadas y se ha apropiado de los cánones correspondientes.

En relación con la primera causa de acción, que conforme veremos en seguida es en verdad la única pertinente a la cuestión que nos ocupa, se suplica se dicte sentencia declarando que las escrituras reseñadas son nulas e inexistentes y que el inmueble descrito en dicha primera causa de acción es de la exclusiva propiedad de los demandantes como herederos de su causante Sotero Hernández.

En 3 de julio de 1947 el tribunal inferior, luego de citar los casos de *González Rodríguez* v. *Fumero*, 38 D.P.R. 556; *Rivera* v. *Sucn. Caraballo*, 56 D.P.R. 736; *Sucn. Soto* v. *Vélez*, 60 D.P.R. 215; *Rodríguez* v. *Pizá*, 60 D.P.R. 669, 673

y *Logia Caballeros del Plata* v. *García,* 63 D.P.R. 291 declaró sin lugar la moción para desestimar y sostuvo que a base de las doctrinas de los casos mencionados la demanda aduce hechos constitutivos de la causa de acción ejercitada y que los demandantes como herederos legítimos de Sotero Hernández tienen capacidad para interponer la acción. Solicitada reconsideración a base de que la resolución dictada está reñida con la doctrina establecida en el caso de *Peña* v. *Mendoza,* 60 D.P.R. 110, el tribunal inferior, luego de oír a las partes, declaró con lugar la reconsideración solicitada por entender que según el caso de *Peña* v. *Mendoza* los demandantes debían "alegar que el valor de los bienes a que se contrae este pleito excede de la parte del caudal hereditario de Sotero Hernández, del cual podía disponer libremente de acuerdo con la ley, a fin de que la demanda aduzca hechos."

En el caso de *Peña* v. *Mendoza,* supra, la cuestión envuelta fué la siguiente: En 8 de febrero de 1930, Francisco Peña Vázquez, padre legítimo de los demandantes, otorgó escritura pública en que confesó haber recibido de la demandada María Mendoza, en calidad de préstamo la suma de $3,200, en garantía de la cual constituyó hipoteca sobre dos fincas urbanas de su propiedad. Los demandantes con posterioridad a la muerte de su causante radicaron demanda sobre nulidad de escritura hipotecaria, alegando que su causante y la Sra. Mendoza desde mucho antes del 8 de febrero de 1930 vivieron en concubinato público como marido y mujer, que todo ese tiempo la demandante era insolvente y que ambos concubinos se pusieron de acuerdo con el único propósito de defraudar a los demandantes, habiendo sido la escritura de hipoteca simulada y otorgada con propósito fraudulento. Solicitaron se dictara sentencia declarando inexistente y nulo el contrato de hipoteca. Contestó la demandada negando los hechos esenciales de la demanda y alegando ciertas defensas especiales. Fué el pleito a juicio

y luego de desfilar la prueba de los demandantes, la demandada formuló una moción de *nonsuit,* que fué declarada con lugar, dictándose entonces sentencia desestimando la demanda y condenando a los demandantes al pago de costas y honorarios de abogado. Apelaron los demandantes y señalaron como error el haberse declarado con lugar la moción de nonsuit y sin lugar la demanda y el haberse resuelto que para la fecha del fallecimiento de Francisco Peña la acción ya había prescrito. En el curso de su opinión expresó este Tribunal que la acción ejercitada se basó en la alegada inexistencia, por falta de causa, del contrato de préstamo e hipoteca, y en que dicho contrato nunca tuvo existencia legal, ya que la demandada nunca entregó cantidad alguna en calidad de préstamo al causante de los demandantes; que la demandada tiene a su favor las presunciones disputables enumeradas en el artículo 464 del Código de Enjuiciamiento Civil, incisos 19 y 38, al efecto de "Que las transacciones privadas fueron realizadas con rectitud y en debida forma" y "Que al efectuarse un contrato escrito medió la correspondiente compensación"; que los demandantes no presentaron prueba de clase alguna tendiente a controvertir las dos citadas presunciones; y que la presunción que ellos invocan a su favor, en el sentido de que "Se presumen celebrados en fraude de acreedores todos aquellos contratos por virtud de los cuales el deudor enajenare bienes a título gratuito" (artículo 1249 del Código Civil, edición de 1930) sólo podía ser invocada por los acreedores, y siendo los demandantes herederos del finado "solamente podrían atacar una enajenación gratuita hecha por el causante, cuando la propiedad enajenada excediere del tercio de libre disposición." Con estas consideraciones confirmó la sentencia apelada.

Las palabras que acabamos de citar y que aparecen entre comillas constituyeron meramente un *dictum* en el caso. En éste no se atacaba la validez del contrato de hipoteca

por equivaler el mismo a una donación o a una enajenación gratuita en favor de la demandada. La médula de la demanda fué que tal contrato era simulado y fraudulento y que el mismo había sido celebrado con el único propósito de defraudar a los demandantes, siendo por ende inexistente y nulo.

En *González Rodríguez* v. *Fumero,* supra, se alegaba que ciertos contratos eran inexistentes por ser simulados y en el curso de la opinión se dijo:

". . . En el caso ante nosotros, estúdiese la cuestión desde cualquier punto de vista, y ya sea que falte el consentimiento como concurso de voluntades para comprar y vender, ya sea que no exista la causa, *el hecho es que el contrato no existe por no concurrir en el acto de que se trata, los requisitos esenciales para la creación de tal contrato."* (Bastardillas nuestras.)

"No existiendo en este caso un contrato, y no habiéndose creado derecho de ninguna clase por las escrituras simuladas de que se trata, no puede concederse que la corte inferior errara", etc..

Según se ve, se resuelve que un contrato simulado es enteramente inexistente y no puede crear derechos de clase alguna. Siendo ello así y alegándose en el caso de *Peña* v. *Mendoza,* supra, que el contrato de hipoteca era simulado, era innecesario hacer referencia a una enajenación gratuita.

El de *Sucn. Soto* v. *Vélez* nos parece idéntico al presente. En él se alegaba que cierta escritura de compraventa otorgada a favor de María Vélez era inexistente por simulada. Según se dice en la opinión, la evidencia aducida fué al efecto de que Soto abandonó a su esposa y se fué a vivir en concubinato con la demandada; que más tarde y mediante documento privado Soto compró la finca en controversia, vendiéndola, nuevamente, dos años más tarde los mismos vendedores a la demandada. Se concluyó que bajo las circunstancias del caso la corte de distrito estuvo justificada al resolver que

se trataba de un contrato simulado, citando *Rivera* v. *Sucn. Caraballo,* supra y *González* v. *Fumero,* supra.

En el caso de autos, según hemos visto por las alegaciones y la súplica de la demanda, se solicita se declare la nulidad e inexistencia de ciertas escrituras otorgadas a favor de la demandada Adolfina Ayala, por ser las mismas simuladas. Nada hay en la demanda que dé a entender que se trata de una enajenación gratuita o de una donación hecha por Sotero Hernández a favor de su alegada concubina. Una moción como la presentada por la demandada admite la certeza de las alegaciones esenciales de la demanda. Admitida la simulación, las transacciones expuestas en la demanda resultan inexistentes y no pueden crear derechos de clase alguna. En. estas circunstancias, el *dictum* del caso de *Peña* v. *Mendoza,* a que ya nos hemos referido no tiene aplicación a la cuestión aquí envuelta. La demanda aduce una causa de acción y la moción debió ser declarada sin lugar. De ese mismo criterio fué el tribunal inferior en su resolución original de 3 de julio de 1947.

Dada la conclusión anterior es innecesario discutir el segundo error señalado.

*Debe revocarse la sentencia apelada y devolverse el caso para ulteriores procedimientos no inconsistentes con. esta opinión.*

El Juez Asociado Sr. De Jesús no intervino.