Logia Caballeros del Plata Núm. 9758, Representada por su Presidente Emilio Aponte, demandante y apelante, v. Lucía García Méndez y Miguel García Méndez, demandados y apelados.

Núm. 9693.—*Sometido:* Junio 2, 1948. *Resuelto:* Julio 6, 1948.

*Osvaldo Aponte,* abogado de la apelante; *Víctor M. Pons,* abogado de los apelados.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

Por segunda vez se somete este caso a nuestra consideración. Véase: *Logia Caballeros del Plata* v. *García,* 63 D.P.R. 291.

Por escritura de fecha 6 de agosto de 1936, la Logia Caballeros del Plata Núm. 9758, aparece vendiendo a la demandada Lucía García Méndez un solar con casa de madera en el Municipio de Cayey. En su demanda ante la Corte de Distrito de Guayama, la demandante alega como primera causa de acción que el contrato de venta contenido en dicha escritura es inexistente; (1) porque el verdadero comprador lo fué el demandado Miguel García Méndez, quien en esa fecha era miembro de la Logia y de la Junta de Directores de la misma; (2) porque desde la fecha del contrato el demandado García Méndez y no la demandada Lucía García Méndez, ha estado en la posesión material de la finca y actuando como dueño de la misma; y (3) porque desde que fué adquirida por la demandante, la finca pasó a ser propiedad de la Gran Orden de Oddfellows de América, y la Junta Directiva de la Logia demandante carecía de facultades para enajenar la propiedad sin el consentimiento de la mencionada Gran Orden, el cual nunca fué obtenido. La segunda causa de acción trata de la reivindicación de la propiedad, alegando que los demandados la poseen sin título y contra la expresa voluntad de la demandante. Alega ésta que está dispuesta a devolver a los demandados la suma pagada por éstos a los representantes de la Logia como precio de la venta.

En el pliego de particulares sometido por la demandante se alega que la razón por la cual la demandante carece de facultad para enajenar la propiedad sin el consentimiento de la Gran Orden de Oddfellows de América es "que esta

última es el organismo supremo de dicha organización y de conformidad con sus leyes y reglamentos internos tiene que supervisar todo cuanto hacen los capítulos locales y en cuanto a propiedades se refiere la Gran Orden de Oddfellows de América en casi todas las ocasiones aportan dinero para su adquisición." En un pliego adicional la demandante citó como fundamento de la anterior alegación el artículo 11, sección 5ª y siguientes de la Constitución de las Grandes Logias de Distrito, aprobada en reunión celebrada en Filadelfia en los días 12, 13 y 14 de julio de 1880, la cual está aún en vigor.

Contestaron los demandados negando específicamente los hechos esenciales de la demanda y como defensas especiales alegaron la insuficiencia de la demanda y la prescripción de la acción a tenor de lo dispuesto en el artículo 1253 del Código Civil, por tratarse de una acción de nulidad de contratos y no de inexistencia de contrato. Como materia nueva alegaron que la Logia demandante, constituída y registrada en la Oficina del Secretario Ejecutivo de Puerto Rico el 23 de julio de 1941 "no es la misma entidad o persona jurídica que tenía el mismo nombre y que en 6 de agosto de 1936, era dueña de, y vendió la finca descrita en la demanda a la demandada Lucía García Méndez"; que la entidad demandante no es ni fué en ocasión alguna dueña de la finca en controversia, la cual fué vendida a la demandada antes de que la demandante tuviese existencia legal; que dicha venta fué consentida y ratificada por todos y cada uno de los socios que constituían dicha Logia en la fecha en que se efectuó la venta; que ésta se llevó a efecto a solicitud de la Logia vendedora, por el precio justo y razonable de $1,500, cuando la vendedora se encontraba en riesgo inminente de perder la finca por carecer de fondos para pagar una hipoteca y las contribuciones que sobre la misma pesaban; que la Logia vendedora fué disuelta por

la Ley núm. 14 aprobada el 9 de abril de 1941; que los incorporadores de la Logia demandante son todos personas distintas de las que componían la Logia Caballeros del Plata, que fué dueña de la finca en controversia; que de acuerdo con los estatutos y reglamentos de la Gran Orden, la Logia disuelta en el año 1941 no puede ser reincorporada, reorganizada ni obtener su carta de dispensación o título constitutivo de la Gran Orden, "si no a petición de por lo menos siete de los miembros que tenía la Logia al tiempo de ser disuelta"; que ninguno de dichos miembros solicitó la carta de dispensación que tiene la demandante, ni intervino en su organización; y, por último, que en la fecha en que se efectuó la venta la Gran Orden no tenía intervención o ingerencia alguna en la administración de los bienes de las Logias a ella afiliadas, no siendo necesario el consentimiento de dicha Gran Orden para la enajenación de las propiedades pertenecientes a la Logia vendedora.

La demandada Lucía García Méndez solicitó, por vía de contrademanda, que en el caso de que la damanda fuere declarada con lugar, se condene a la Logia demandante a pagar a la contrademandante, además del precio de la venta —$1,500—la suma de $191.93 pagados por contribuciones impuestas a la finca, más la cantidad de $2,104.38 por gastos de conservación de la propiedad.

En abril 2 de 1947 la corte inferior dictó sentencia declarando sin lugar la demanda y condenando a la parte actora al pago de las costas más $250 para honorarios de abogado. En el presente recurso la demandante alega que la corte sentenciadora erró al resolver que la Logia demandante y la "Logia Caballeros del Plata Núm. 9758 de Cayey", que vendió la finca a los demandados, son dos corporaciones distintas, por haber sido la última disuelta por la Ley núm. 14 de abril 9 de 1941 ((1) pág. 349), lo que dió lugar a que desapareciera su personalidad para demandar o ser demandada.

 La prueba documental ofrecida por ambas partes (*Exhibits* D y F de la demandante y 5 y 14 de los demandados) demuestra (*a*) que las cláusulas de incorporación de la "Respetable Logia Caballeros del Plata Núm. 9758" fueron archivadas en la Secretaría Ejecutiva de Puerto Rico el día 2 de agosto de 1920; (*b*) que dicha asociación fué disuelta por la Ley núm. 14 aprobada en abril 9 de 1941; y (*c*) que las cláusulas de incorporación de la "Respetable Logia Caballeros del Plata Núm. 9758", la aquí demandante y apelante, fueron archivadas en la Secretaría Ejecutiva el día 23 de julio de 1941.

Entre las cláusulas de incorporación de la Logia demandante se encuentra la siguiente:

"9. Esta Asociación será la sucesora y continuadora de la Respetable Logia Caballeros del Plata Número 9758 que fué incorporada en la Secretaría Ejecutiva de Puerto Rico el día 2 de agosto de 1920. Esta Asociación fué disuelta por la Asamblea Legislativa de Puerto Rico, Ley núm. 14, aprobada en 9 de abril de 1941."

La contención de la demandante es que las dos Logias, la organizada en 1920 y disuelta en 1941 y la aquí demandante "son una sola por cuanto la demandante es la sucesora y continuadora de la anterior Logia de su mismo nombre, fines y sede."

Tal contención es insostenible. La Ley núm. 14 de 9 de abril de 1941, "Para disolver determinadas corporaciones y asociaciones domésticas", entre las cuales figura la "Respetable Logia Caballeros del Plata núm. 9758", hace constar en su exposición de motivos que las corporaciones y asociaciones a ser disueltas "han perdido toda su propiedad, y todas ellas han cesado de realizar los negocios para los cuales fueron organizadas." Para la fecha en que entró en vigor la Ley núm. 14 ya la Logia que por la misma ley quedaba disuelta había vendido por escritura pública a Lucía García Méndez la finca en controversia y el precio recibido por la Logia vendedora había sido utilizado para sa-

tisfacer los gravámenes y contribuciones a que estaba afecta la propiedad vendida. La cantidad sobrante, después de satisfacer dichas obligaciones, fué distribuída por partes iguales entre los miembros activos de la Logia vendedora correspondiendo a cada uno de ellos la suma de $60, según aparece de los recibos correspondientes ofrecidos en evidencia.

De las certificaciones admitidas en evidencia aparece que los incorporadores de la Logia disuelta por la Ley núm. 14 de 1941 fueron personas distintas a las de los incorporadores de la Logia aquí demandante.

La corporación vendedora dejó de existir el 9 de julio de 1941, fecha en que entró en vigor la Ley núm. 14 de ese mismo año. Asumiendo que la venta efectuada en agosto 6 de 1936, no obstante haber sido autorizada y ratificada por los miembros activos de la Logia, fuese anulable o inexistente, siempre tendríamos que llegar a la conclusión inevitable de que la Logia demandante no ha establecido su derecho a solicitar que dicha venta sea anulada o declarada inexistente. La demandante no ha presentado prueba alguna tendiente a demostrar que el derecho de acción que pudiera tener la disuelta corporación le fuera traspasado por ésta antes de la disolución o por sus miembros activos con posterioridad a la fecha en que dicha corporación dejó de tener existencia legal. La declaración hecha por los incorporadores de la Logia demandante en la cláusula 9 de su certificado de incorporación, supra, no puede tener el efecto legal de convertir a la Logia demandante en dueña de los derechos y acciones de la extinta logia.

*La sentencia recurrida será confirmada.*

El Juez Asociado Sr. De Jesús no intervino