Arroyo et al., Demandantes y Apelantes, *v.* Bruno et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de Guayama en causa sobre nulidad de declaratoria de herederos y otros extremos.

No. 1368.—Resuelto en mayo 9, 1916.

Donación—Posesión Material—Declaratoria de Herederos—Fraude—Inscripción en el Registro.—Cuando un demandante alega en su demanda que el antiguo dueño de cierta finca la donó a su causante y que éste primero y él después la han poseído en concepto de dueños quieta y pacíficamente y por un período mayor de diez años, en cuya posesión se encuentra el demandante en la actualidad, y que el demandado, valiéndose para ello de una declaratoria de herederos falsa y fraudulenta, hizo inscribir el dominio de dicha finca a su favor en el registro de la propiedad, tal demanda aduce hechos suficientes para determinar una causa de acción.

Id.—Prescripción—Título del Demandante.—Cuando el verdadero título que alega un demandante es el de prescripción y no el de donación, no es necesario que este último sea perfecto.

Id.—Escritura Pública—Aceptación de la Donación—Posesión Material—Prescripción.—Aun cuando una donación de cosa inmueble no se consigne en escritura pública como lo exige el artículo 641 del Código Civil, si el donatario la acepta, entra en posesión de la finca donada en concepto de dueño y así continúa durante diez años, pública, pacíficamente y sin interrupción, la falta de escritura queda subsanada por la prescripción.

ID.—QUIÉNES PUEDEN IMPUGNARLA.—Un demandado que no es heredero legítimo del donante, no tiene acción alguna para impugnar la donación hecha por el mismo.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. José C. Ramos.*

Abogado de los apelados: *Sr. C. Domínguez Rubio.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

La demanda en este caso, copiada en lo pertinente, es como sigue:

"Comparece Carmen Arroyo, mayor de edad, viuda, propietaria y vecina de Patillas, en su carácter de madre con patria potestad sobre sus menores hijos José y Agapito Díaz y Arroyo, y Petrona, Romana y Lino Díaz y Arroyo, mayores de edad, propietarios y de la misma vecindad, por conducto de su abogado José C. Ramos, y se querellan de los demandados que arriba se mencionan José Bruno Morales y María Antonia Morales, mayores de edad y vecinos de Arroyo, y como causa de acción alegan:

"*Primero:* Los demandantes acudieron ante esta honorable corte de distrito en los primeros días de octubre de 1914, en el expediente civil No. 2504, para justificar a nombre de su causante, su padre Sotero Díaz, la posesión y dominio de la siguiente finca: (Se describe.)

"*Segundo:* Dicha finca, cuyo valor actual es de quinientos veinte dólares, la adquirió el expresado Sotero Díaz, padre de los demandantes, por donación que de ella le hizo Isabel García, quien falleció sin dejar herederos forzosos, mediante documento extrajudicial.

"*Tercero:* El demandado José Bruno Morales compareció ante esta corte por el expediente civil No. 2486 e ilegal y fraudulentamente usando de pruebas falsas y engañando a este tribunal, se hizo declarar, en unión de su hermana, la otra demandada, en segundo término mencionada, por resolución de esta honorable corte de fecha diez y seis de octubre de mil novecientos catorce, herederos de la mencionada Isabel García, donante del causante de los demandantes, en su carácter de primos segundos de la misma, en ausencia de ascendiente o descendientes y colaterales de un parentesco más próximo.

"*Cuarto:* Que con el testimonio de esta declaratoria de herederos, los expresados demandados acudieron al Registro de la Propiedad de Guayama, e hicieron inscribir, a su nombre, al folio 118 del tomo 8 de Patillas, un predio de 19 cuerdas que estaba inscrito en dicha oficina a nombre de la expresada Isabel García, y que forma

parte de la finca de veinte y nueve y media cuerdas, descrita en el hecho primero de esta demanda; y después con fecha 12 de noviembre de 1914, acudieron ante esta corte y formularon su oposición al dominio solicitado por los demandantes sobre la expresada finca, en el referido expediente No. 2504 de la secretaría de este tribunal, tomando como fundamento pertinente para ello la declaratoria de herederos falsa y fraudulenta de que antes se ha hecho mérito.

''*Quinto:* Que los demandados no tenían ni tienen derecho de ostentar la representación de herederos de la expresada Doña Isabel García, porque ésta dejó cuatro sobrinos nombrados Lorenza, Miguel Mateo, María Clotilde y otra más cuyo nombre ignora el demandante, hijos de su hermana nombrada Emilia García, la filiación de cuyos tres primeros se comprueba con los documentos marcados 'A,' 'B' y 'C' que se acompañan y hacen parte de esta demanda; y todos los cuales, según información y creencia de la demandante, viven en la actualidad y residen en el pueblo de San Lorenzo de la Muga, provincia de Gerona, Cataluña, España.

''*Sexto:* Que los demandados, ostentando el falso título de herederos de Isabel García, pretenden ser los dueños de la finca descrita en el hecho primero de esta demanda, de la cual están en posesión dichos demandantes y la cual han poseído los mismos, a título de dueños, quieta y pacíficamente, por sí y por. su causante, su padre Sotero Díaz, por un período mayor de diez años, en virtud del título de donación antes referido y sobre la cual están promoviendo a su nombre en el expediente de dominio referido en el hecho primero de esta demanda, al cual han formulado su oposición los demandados, atacando, en su carácter de herederos de Isabel García, la validez del título por donación del causante de los demandantes; y que con estos actos están los expresados demandados perturbando a los demandantes en el libre uso de la propiedad descrita y reclamando un derecho de dicha propiedad opuesto al derecho de los demandantes.

''Por todo lo que los demandantes suplican a V. H. se sirva en su día declarar la nulidad del auto que declaró a los demandados herederos de Doña Isabel García, ordenando en su consecuencia la cancelación en el registro de la propiedad, de la inscripción a favor de los demandados, sobre el predio de 19 cuerdas, que forma parte de las veinte y nueve y media cuerdas que se describen en la demanda, hecha al folio 118 del tomo 8 de Patillas; y que se abstengan de perturbar con sus actos a los demandantes en el libre uso de la propiedad descrita y de reclamar, como herederos de Isabel García, cualquier derecho opuesto al derecho de los demandantes, sobre la pro-

piedad de veinte y nueve y media cuerdas descrita en esta demanda.
Y los demandantes suplican además cualquier otro remedio que V. H.
estime a bien concederles que sea compatible con sus alegaciones
y un fallo por costas y desembolsos, incluyendo una compensación
razonable para honorarios de abogados.''

Los demandados alegaron que la demanda no aducía hechos suficientes para determinar una causa de acción, y la corte, el 4 de mayo de 1915, dictó sentencia desestimando la demanda de acuerdo con la solicitud de los demandados. Los demandantes entonces interpusieron el presente recurso de apelación.

En su opinión la corte sentenciadora sintetiza la cuestión envuelta, del siguiente modo:

''De la cara de la demanda aparece que Isabel García, la causante
de los demandados, al morir poseía una finca de 29 y media cuerdas, radicada en Patillas; que esa finca la donó por documento extrajudicial a Sotero Díaz, padre de los demandantes y de quienes obtuvieron éstos la referida finca. Si la donación es buena en ley, no
hay duda que Sotero Díaz adquirió un derecho, el cual trasmitió
a sus herederos y les capacita para defenderlo; si la donación hecha
es anulable, entonces puede ser ratificada por los causahabientes de
García y también tendrán los demandantes un derecho a justificar
quiénes son los mejores herederos, pues de los actos de éstos depende
la validez de su derecho; si la donación es nula *per se*, tendríamos
que entonces debe alegarse en la demanda que los verdaderos herederos están dispuestos a ratificar lo hecho por su causante, y entonces el hecho de ser declarada heredera una persona sin derecho a tal
puede afectar el dominio adquirido por los demandantes.''

Luego se refiere al artículo 641 del Código Civil que estatuye que para que sea válida la donación de cosa inmueble ha de hacerse en escritura pública, y después de citar la opinión del comentarista Manresa sobre la materia, concluye así:

''Si examinamos la demanda vemos que si bien en ella se alega
que Isabel García hizo la donación de esa finca a Sotero Díaz no
se dice que la donación fuera aceptada, ni que constase en documento
público, ni que fuera notificada en la forma que requiere la ley
a la donante; tampoco se alega que los herederos residentes en España

estén dispuestos a ratificar dicha donación o que en caso de ser declarados herederos en sustitución de los demandados, la ratificarían.

"Por todo lo cual entiende la corte que debe declarar con lugar la excepción previa presentada por los demandados   *   *   *."

Hemos examinado cuidadosamente la demanda y opinamos que no debió desestimarse por la corte. A nuestro juicio, de los hechos alegados en la misma surge el derecho de los demandantes a ser amparados por lo menos en su posesión.

Los demandantes no sólo alegan que la antigua dueña de las tierras de que se trata las donó a su causante, sino que además sostienen que su causante primero y ellos después las han poseído en concepto de dueños por más de diez años en cuya posesión se encuentran en la actualidad. Los actos realizados por los demandados constituyen un ataque directo al derecho que puedan tener los demandantes y han creado un verdadero conflicto que los tribunales de justicia están en la obligación de resolver.

Posesión natural es la tenencia de una cosa o el disfrute de un derecho por una persona. Posesión civil es esa misma tenencia o disfrute, unidos a la intención de haber la cosa o derecho como suyos. Art. 433 del Código Civil.

En este caso los demandantes alegan que tienen la posesión civil de la finca en cuestión. Y alegan también los demandantes que los demandados valiéndose para ello de medios fraudulentos hicieron inscribir a su favor en el registro de la propiedad el dominio y por tanto la posesión civil de la expresada finca.

Todo poseedor, dice el artículo 448 del Código Civil, tiene derecho a ser respetado en su posesión, y si fuere inquietado en ella, deberá ser amparado o restituído en dicha posesión por los medios que las leyes de procedimientos establecen, y comentando Manresa el artículo 446 del Código Civil Español, igual al 448 del nuestro que dejamos citado, se expresa como sigue:

"Todo derecho debe ser respetado por todos, y la posesión, como un derecho, aunque sea de simple ejercicio, exige el mismo respeto. De aquí la disposición de la primera parte del artículo 446. Si ese respeto no se guarda, la ley se encarga de hacerlo guardar. La falta de respeto se traduce en actos que perturban e inquietan al poseedor; perturbación e inquietud que puede consistir, ya en una simple amenaza de despojo, ya en un despojo consumado. Por esto dice el artículo 446, en su segunda parte, que el poseedor deberá ser amparado (mantenido) en su posesión, o restituído en ella. ¿Cómo? Por los medios que las leyes de procedimientos establecen. Obsérvese que no dice por medio de los interdictos de retener y de recobrar, sino, en general, por los medios que las leyes de procedimientos establecen." 4 Manresa, Código Civil Español, 205.

Mas si se concluyera que no es aplicable a este caso el artículo 446 del Código Civil, aun así el derecho de los demandantes resulta claro a nuestro juicio. De acuerdo con el registro los demandados aparecen hoy como los verdaderos dueños de las tierras que se hallan en poder de los demandantes. Siendo esto así ¿cómo es posible impedir a los demandantes que aleguen y prueben en su caso ante una corte de justicia que los demandados han logrado obtener el título que ostentan, contrario al de los demandantes, por medios fraudulentos? El juez de distrito para negarle eficacia al título de los demandantes lo califica escuetamente de donación, pero es lo cierto si bien se alega una donación como punto de partida, el verdadero título alegado no es el de donación, sino el de prescripción. Bajo tales circunstancias no es necesario que la donación sea perfecta. Veamos lo que dice a este respecto el comentarista Manresa:

"En otro lugar dejamos dicho que si bien es necesario que el título en que se funda la prescripción sea de los que transfieran el dominio, siendo esta circunstancia lo que determina su cualidad de *justo,* no es, sin embargo, del mismo· modo preciso que haya producido por sí dicha transmisión. Y se comprende que no sea precisa esa condición, pues si por el contrario fuese indispensable, para estimar *justo* el título, que hubiese transferido ya el dominio o el derecho objeto de la prescripción, entonces sería innecesaria ésta, porque sin mediación de ella se habría obtenido el efecto jurídico que por la misma se trataba de conseguir.

"Como el mero buen sentido indica, no es ése el sentido del citado artículo 1952. En él únicamente se ha querido decir y se dice, que es justo título aquel que legalmente baste para transferir el dominio o el derecho que se pretenda ganar por la prescripción; pero no se exige como condición necesaria para ello, que se haya realizado o perfeccionado ya la transmisión de dicho dominio o derecho. Por el contrario, el que siendo susceptible de producir ese resultado jurídico no lo hubiera producido aún, es el que se necesita para fundar la prescripción, y en este sentido debe entenderse dicho artículo." 12 Manresa, Código Civil Español, 840.

Esta misma Corte Suprema en el caso de *Picart* v. *de León*, 22 D. P. R. 592, estableció la siguiente doctrina.

"Desde 1893, en que la persona que vendió al demandado en este caso adquirió por compra la finca y tomó posesión material de ella, hasta la fecha de la interposición de la demanda, transcurrieron con exceso los diez años necesarios para adquirir el dominio por prescripción entre presentes, y *se resolvió:* Que el transcurso de diez años perfeccionó el primitivo título de compra. Lo que dejaron de hacer el primer dueño conocido de la finca, el demandante, o en su lugar el juez que ordenó el remate, lo hicieron diez años de posesión material en concepto de dueño, basada la posesión en un justo título y disfrutada de buena fe, públicamente, entre presentes y sin interrupción de nadie."

Es bien cierto que el artículo 641 del Código Civil vigente, igual al 633 del antiguo, dispone que para que sea válida la donación de cosa inmueble ha de hacerse en escritura pública y que en este caso la donación no se hizo por escritura pública sino por documento extrajudicial. Si la donación se hubiera hecho por escritura pública, el contrato hubiera quedado perfeccionado desde entonces y no sería necesario invocar como se ha invocado la prescripción. Si para adquirir por prescripción basada en el justo título de donación, se requiriera que la donación fuera perfecta desde un principio, sería completamente innecesaria la prescripción.

De aceptarse la teoría sustentada por la corte de distrito, se equipararía a los demandantes en este caso a los que sin consentimiento alguno de sus dueños se introducen en una

finca y haciéndose pasar por propietarios de ella la poseen por un espacio no interrumpido de treinta años o más, y tal equiparación sería completamente injusta. Los demandantes no actuaron de mala fe. Su buena fe es evidente. No se introdujeron en la finca de que se trata sin el consentimiento del dueño; al contrario, el dueño voluntariamente permitió la posesión, e hizo más: consignó en documento privado que les trasmitía el dominio. La donación no se consignó en escritura pública; tampoco el donatario expresó su aceptación en escritura pública, pero aceptó la donación entrando en posesión como dueño de la finca donada y así el contrato comenzó a producir de hecho todos sus efectos y continuó produciéndolos durante diez años, y de tal modo lo que no hizo la escritura pública lo hicieron esos diez años de posesión en concepto de dueño, pública, pacífica y no interrumpida. A nuestro juicio, esa es la interpretación racional de los preceptos del Código Civil relativos a la adquisición por prescripción con buena fe y justo título en relación con los referentes a la donación.

Además, no siendo los demandados los herederos legítimos del donante, es bien claro que no tienen acción alguna para impugnar la donación a que se refiere la demanda. Tal acción sólo correspondería en el caso de existir a los herederos legítimos que según la demanda son otras personas distintas de los demandados.

Por virtud de todo lo expuesto debe revocarse la sentencia apelada, declararse sin lugar la excepción del demandado y ordenarse a la corte que continúe la tramitación del pleito de conformidad con los principios enunciados en esta opinión.

*Revocada la sentencia apelada declarándose sin lugar la excepción previa y ordenándose que el pleito continúe su tramitación de acuerdo con la ley.*

Jueces concurrentes: Sres. Asociados Wolf y Hutchison.

Los jueces Sres. Presidente Hernández y Asociado Aldrey firmaron "conformes con la sentencia."