JOAQUINA COUVERTHIE VIUDA DE SANTIAGO, demandante y apelada, *v.* JAVIER SANTIAGO, demandado y apelante.

Núm. 8813.—*Sometido:* Diciembre 22, 1943. *Resuelto:* Enero 13, 1944.

*F. R. Aponte,* abogado del apelante; *Alvaro Ortiz,* abogado de la apelada.

EL JUEZ PRESIDENTE INTERINO SEÑOR TRAVIESO emitió la opinión del tribunal.

La demandante alega que es dueña de un solar de 150 metros cuadrados, que forma parte de una finca de una cuerda; que el demandado ocupa dicho solar sin pagar canon o merced alguna a la dueña demandante; que en dicho solar se encuentra ubicada una casa de maderas, perteneciente al demandado y de un valor que no excede de la suma de $100; que el demandado se ha negado a desocupar el solar y a retirar de allí la casa, lo cual puede hacer sin menoscabo del solar; que la demandante está dispuesta a consignar la suma de $100 o el importe de la tasación que haga la corte; que el solar tiene un valor de $450 y el demandado se ha negado a pagarlo.

Contestó el demandado aceptando que ocupa el solar sin pagar canon o merced alguna y alegando como defensa que él posee y ocupa en concepto de dueño un solar de 600 metros, con casa de maderas; que durante esos treinta años ha ocupado la casa y solar pública y pacíficamente y sin interrupción alguna; que los inmuebles tienen un valor de $1,000; que la acción que se ejercita está prescrita; y que la Corte Municipal carece de jurisdicción por motivo de la cuantía.

En la vista ante la Corte de Distrito de Humacao, las partes sometieron el caso mediante una estipulación de los hechos. De acuerdo con dicha estipulación, la prueba de la demandante establece, en substancia, los hechos siguientes:

En el mes de diciembre, 1910 don Jenaro Martínez compró la finca "Villa del Recreo" y le concedió permiso al demandado Javier Santiago para construir un kiosco en un solar en la esquina de la finca, el mismo que hoy ocupa. Martínez le regaló la parcela a Santiago para que le cuidara la finca e impidiera la entrada de animales, pero nunca le otorgó escritura. En 1915 Martínez vendió la finca a doña Francisca Iraris viuda de Ortiz. El solar que ocupa el demandado tiene una cabida de 225 metros cuadrados, con un valor de $450 y sobre el mismo existe una casa de maderas con anexos, construída por el demandado. La casa tiene un valor aproximado de $225.

En julio 2 de 1929, el demandado declaró ante el tasador de la propiedad de Humacao que él era dueño de una casa en solar de la Central Pasto Viejo, uno de los antecesores en título de la demandante. El demandado nunca pagó contribuciones sobre el solar y sí sobre la casa. En cierta ocasión el demandado le preguntó al apoderado general de la demandante si ésta estaría dispuesta a venderle el solar a plazos. Cuando la demandante adquirió la finca "Villa del Recreo" no tenía conocimiento de la alegada donación del solar al demandado.

La prueba del demandado tendió a establecer los hechos siguientes:

Que en 1915 don José N. Díaz y sus hermanos eran dueños de la finca; que el demandado Santiago estaba en posesión del solar en controversia, el cual estaba cercado con alambre; y que Díaz y sus hermanos nunca intervinieron con el demandado por entender que el solar le pertenecía.

La prueba documental ofrecida por la demandante, sin oposición del demandado, fué la siguiente: (*a*) escritura por la cual Eastern Sugar Associates (a Trust) vendió la finca "Villa del Recreo" a la demandante; (*b*) escritura por la cual la demandante segregó una parcela de una cuerda, en la que está incluído el solar en litigio; y (*c*) certificación del

Registro de la Propiedad demostrativa de que de la finca "Villa del Recreo" no se ha hecho segregación alguna a favor del demandado Santiago y que dicha finca está inscrita a nombre de la demandante.

La corte inferior admitió, con la oposición del demandado, copia certificada de la planilla para el año contributivo 1929–30, en la cual el demandado admitió bajo juramento que Central Pasto Viejo era dueña del solar. La explicación que dió al demandado, al efecto de que lo único que le preguntó el Tasador fué si él tenía inscrito el solar y si tenía escritura de la casa o del solar, a lo que él contestó negativamente, no fué creída por la corte sentenciadora.

El demandado ha interpuesto el presente recurso contra la sentencia por la cual se declara con lugar la demanda y se decreta que la demandante tiene derecho a hacer suya la casa del demandado previo pago de su valor de $300; y que en el caso de que el demandado prefiera quedarse con el solar pague a la demandante la suma de $450. Se impone al demandado el pago de las costas, más $50 para honorarios de abogado.

El caso ha sido sometido a nuestra consideración por los alegatos. Sostiene en el suyo el apelante que la corte sentenciadora erró al apreciar la estipulación de los hechos; al declarar con lugar la demanda, no obstante existir un conflicto de títulos; y al condenar al demandado al pago de honorarios.

1. Argumentando el primer señalamiento de error, sostiene el apelante que aún cuando es cierto que de acuerdo con el artículo 575 del Código Civil la donación debe hacerse constar en escritura pública y debe ser aceptada, sin embargo, habiéndose hecho la donación en el caso de autos en diciembre de 1910, y habiendo tomado posesión el demandado, transcurridos diez años de posesión el defecto quedó subsanado por la prescripción; y, además, que aún cuando el título del demandado fuera considerado como defectuoso,

el defecto quedó subsanado por la prescripción extraordinaria de 30 años. Cita en apoyo de su contención el caso de *Arroyo* v. *Bruno,* en el que, copiamos del sumario, se sostuvo:

"Aun cuando una donación de cosa inmueble no se ·consigne en escritura pública como lo exige el artículo 641 del Código Civil, (Artículo 575, Ed. 1930) si el donatario la acepta, entra en posesión de la finca donada *en concepto de dueño y así continúa durante diez años,* pública, pacíficamente y sin interrupción, la falta de escritura queda subsanada por la prescripción." (Bastardillas nuestras.) *Arroyo et al.* v. *Bruno et al.,* 23 D.P.R. 814.

El dominio y los derechos reales sobre bienes inmuebles se prescriben por la posesión durante diez años entre presentes y veinte ·entre ausentes, con buena fe y justo título, o por su posesión no interrumpida durante treinta años, sin necesidad de título ni de buena fe, y sin distinción entre presentes y ausentes. Artículos 1857 y 1859, Código Civil, 1930. Empero, la posesión que da derecho a la adquisición del dominio por prescripción "ha de ser en concepto de dueño, pública, pacífica y no interrumpida," por requerirlo así expresamente el artículo 1841 del mismo Código Civil y la jurisprudencia citada por el propio apelante. *Arroyo* v. *Bruno,* supra; *García* v. *Altuna,* 17 D.P.R. 459; y *González* v. *Sucesión Roqué,* 47 D.P.R. 522.

De conformidad con el artículo 575 del Código Civil, para que la donación de cosa inmueble sea válida ha de hacerse en escritura pública, y para que surta efecto también deberá ser aceptada en escritura pública en vida del donante. Por consiguiente, una donación de palabra es inexistente y no puede constituir el justo título que se requiere para la prescripción ordinaria de diez años.

La decisión en el caso de *Arroyo et al.* v. *Bruno ·et al.,* supra, en cuanto concede a la donación verbal seguida de la toma de posesión del inmueble donado, el mismo valor que el de un justo título, a los efectos de la adquisición del do-

minio por prescripción de diez años, entre presentes y con buena fe, es errónea y debe considerarse como revocada.

■ En lo que respecta a la prescripción extraordinaria que invoca el apelante, la evidencia de la demandante, a la cual dió crédito la corte sentenciadora, es suficiente para establecer la inexistencia del *animus domini* requerido por la ley para que la posesión pueda dar derecho a la aquisición del dominio por prescripción. La entrada del demandado al solar en diciembre de 1910 fué a virtud de permiso concedídole por el entonces dueño de la finca para construir un kiosco. Y aun cuando Martínez declaró haberle regalado posteriormente el solar, no se fija fecha alguna que pueda tomarse como punto de partida para computar el término prescriptivo. El 2 de julio de 1929 el demandado declaró bajo juramento que el solar que en esa fecha poseía y ahora reclama era propiedad de la Central Pasto Viejo. Y con posterioridad al 2 de diciembre de 1940, fecha en que la demandante compró la finca, el demandado reconoció el título de la demandante y admitió que él no poseía el solar en concepto de dueño, cuando hizo gestiones para comprar el solar a plazos. Contra esa evidencia que impedía que la prescripción corriera a su favor y que tendía a probar que su posesión tenía como base la mera licencia o tolerancia del dueño, el demandado no presentó evidencia alguna tendiente a probar que él había poseído en concepto de dueño. No hubo error en la apreciación de la prueba.

■ 2. Admitido por la demandante que el demandado es dueño de la casa y que la construyó de buena fe, con el consentimiento del anterior dueño del solar, y no habiendo el demandado establecido título alguno sobre el terreno en que está enclavada la obra, no erró la corte inferior al sostener que la demandante, como dueña del solar, tiene derecho, de acuerdo con los artículos 297, 382 y 383 del Código Civil (ed. 1930), a hacer suya la casa, previa la indemnización correspondiente, o a obligar al demandado a pagar el

precio del terreno. La jurisprudencia citada por el apelante, en la que se sostiene que el conflicto de títulos que pueda existir entre dos partes litigantes debe dilucidarse en el juicio declarativo correspondiente y no dentro del procedimiento especial y sumario de desahucio, no es aplicable al presente caso.

3. Esta Corte Suprema resolvió en *Amy* v. *Aponte*, 31 D.P.R. 64, y en *González* v. *Fernández*, 31 D.P.R. 554, que en apelaciones procedentes de las cortes municipales, las cortes de distrito no estaban autorizadas para conceder honorarios de abogado por servicios prestados en la corte municipal ni tampoco por los prestados en la de distrito con motivo de la apelación. Se basaron dichas decisiones en que la ley que regía en el año 1922 en que fueron dictadas, artículo 327 del Código de Enjuiciamiento Civil, enmendado por Ley (núm. 38) de 12 de abril de 1917 ((1) pág. 207), limitaba el derecho a recibir de la parte vencida honorarios de abogado a las acciones o procedimientos originados en las cortes de distrito.

Sostiene la demandante apelada que el artículo 327 del Código de Enjuiciamiento Civil, según fué enmendado por la Ley núm. 94 del 11 de mayo de 1937 (Compilación de los Estatutos Revisados y Códigos de Puerto Rico, ed. 1941, pág. 787), autoriza a las cortes municipales y a las de distrito para conceder honorarios de abogado en casos procedentes de las cortes municipales. Dicho artículo provee:

"La parte a cuyo favor se dicte cualquier sentencia o resolución final le serán concedidas las costas, las cuales comprenderán los siguientes desembolsos:

　　"*　　　*　　　*　　　*　　　*　　　*　　　*

　　"En caso de que cualquier parte haya procedido con temeridad la corte debe imponerle en su sentencia el pago de los honorarios del abogado de la otra parte, estableciendo en su sentencia el montante de dichos honorarios, teniendo en cuenta el grado de culpa en el litigio y el trabajo necesariamente prestado por el abogado de la otra parte; . . . ."

Convenimos con la parte apelada en que el artículo 327 en su forma enmendada, otorga la facultad de conceder honorarios de abogado tanto a las cortes municipales como a las de distrito. Cuando existen hechos o razones demostrativos de que la parte perdidosa procedió, en su acción o en su defensa, con temeridad, es deber de la corte sentenciadora imponerle el pago de los honorarios de la otra parte. Si no existen esos hechos o razones, la corte no está facultada para imponer el pago de honorarios.

Del récord ante nos no surge hecho o razón alguna que justifique la imposición de honorarios al demandado. Ni en la relación del caso y opinión ni en la sentencia de la corte inferior encontramos pronunciamiento alguno en cuanto a temeridad por parte del demandado y apelante. No estando, pues, en condiciones de poder pesar las razones que haya podido tener la corte inferior para imponer el pago de honorarios, y siendo como somos de opinión que el demandado no procedió temerariamente, creemos que la sentencia recurrida debe ser modificada eliminando de ella la partida de honorarios de abogado.

*Y así modificada será confirmada.*

El Juez Asociado Sr. Snyder no intervino.