DOLORES SANTIAGO FERRER, demandante y apelado, *v.* EDUVIGIS RODRÍGUEZ CINTRÓN, demandada y apelante.

Núm. 10299.—*Sometido:* Marzo 1, 1951.—*Resuelto:* Marzo 14, 1951.

*Diego O. Marrero* y *Federico Valladares,* abogados de la apelante; *F. Hernández Vargas, E. Rodríguez Otero* y *Marcos A. Ramírez,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Dolores Santiago Ferrer demandó a Eduvigis Rodríguez Cintrón solicitando sentencia ordenándole a la demandada que le devolviera el título de propiedad sobre cierto solar y casa a la sociedad de gananciales compuesta por el demandante y su esposa. Alegaba la demanda que el demandante y su esposa han estado casados durante 25 años; que en 1944 el demandante compró cierto solar a nombre de la demandada e hizo que la correspondiente escritura se otorgara como si la demandada fuera la verdadera compradora del inmueble; que el demandante puso el solar a nombre de la demandada con el fin de que ésta fuera la depositaria del mismo y lo re-

tuviera para la sociedad de gananciales compuesta por él y su esposa, en el entendido de que ella se lo devolvería tan pronto fuera requerida para ello por el demandante; que éste la ha requerido en repetidas ocasiones, habiéndose negado la demandada; que el demandante edificó una casa en el referido solar con dinero perteneciente a la sociedad de gananciales; y que el demandante ha estado en todo momento desde la compra del solar y la edificación de la casa en posesión de dicho inmueble.

Luego de un juicio en los méritos, la corte inferior dictó sentencia a favor del demandante. El tribunal de distrito llegó a las siguientes conclusiones de hecho:

"1. El demandante era y es casado con Ana Negrón Muñiz.

"2. Con anterioridad a la fecha en que el demandante requirió de amores a la demandada, aquél compró a Deogracia Viera Sosa el solar que se describe en el hecho quinto de la demanda enmendada.

"3. El dinero con que el demandante pagó por dicho solar era dinero obtenido por el demandante de su labor e industria después de casado, o sea, pertenecía a la sociedad de gananciales que desde la celebración de su matrimonio tiene constituída con Ana Negrón Muñiz.

"4. La propiedad en cuestión está correctamente descrita en la demanda.

"5. Sobre el referido solar comprado por el demandante a Deogracia Viera Sosa, aquél, con dinero perteneciente a la sociedad de gananciales, construyó una vivienda.

"6. Después que el demandante logró que la demandada accediera a vivir con él en concubinato, el demandante, previo el ofrecimiento de ella de que se portaría bien, le ofreció donarle el solar con la casa en él edificada.

"7. Con fecha 12 de julio de 1944 el Sr. Deogracia Viera Sosa y esposa otorgaron la escritura número 64 de compraventa ante el notario Pablo Juan y Toro en la cual don Deogracia Viera Sosa y esposa, y la demandada Eduvigis Rodríguez Cintrón aparecen haciendo un contrato de compraventa por el cual Eduvigis Rodríguez Cintrón adquiría el solar que se describe en el hecho quinto de la demanda enmendada, apareciendo de dicha escritura manifestaciones de la demandada y de los vendedores de que el importe

de la venta, $350, los habían recibido los vendedores con anterioridad al acto de la firma de la escritura.

"8. El demandante verbalmente donó a la demandada el bien inmueble compuesto por el solar y la casa que el demandante, con dinero de la sociedad de gananciales, había adquirido y fabricado.

"9. La demandada abandonó la referida casa, en donde vivía con el demandante, en concubinato, y éste se posesionó de ella, alquilándola y cobrando los cánones de arrendamiento hasta la presente fecha.

"10. Después que la demandada tuvo conocimiento por conducto del Lcdo. Francisco Hernández Vargas que el demandante requería a la demandada para que le pasara la casa a nombre de la sociedad de gananciales que él administra, hizo entonces dicha demandada una escritura de edificación y radicó un pleito de desahucio contra el inquilino." (¹)

En sus conclusiones de derecho, el tribunal de distrito manifestó que, con vista de los hechos antes expuestos, el traspaso del solar por el vendedor a la demandada fué nulo porque con ello el demandante trataba de efectuar una donación a la demandada de bienes inmuebles pertenecientes a la sociedad de gananciales sin el consentimiento de su esposa, lo cual está prohibido por los artículos 91 y 1313 del Código Civil, ed. de 1930. (²)   Sigue diciendo la corte inferior que

---

(¹) En un recurso de *certiorari* resolvimos que Dolores Santiago Ferrer tenía derecho a intervenir en un pleito de desahucio instado por Eduvigis Rodríguez Cintrón contra el inquilino porque Dolores Santiago levantaba en el presente caso la cuestión de que Eduvigis Rodríguez poseía la propiedad en fideicomiso para él y su esposa. *Rodríguez* v. *Tribunal de Distrito*, 70 D.P.R. 748.

(²) Estos artículos prescriben como sigue:

"Artículo 91.—El marido será el administrador de los bienes de la sociedad conyugal, salvo estipulación en contrario.

"Las compras que con dichos bienes haga la mujer serán válidas, cuando se refieran a cosas destinadas al uso de la familia, de acuerdo con la posición social de ésta.

"No obstante, los bienes inmuebles de la sociedad conyugal no podrán ser enajenados o gravados, bajo pena de nulidad, sino mediante el consentimiento expreso de ambos cónyuges."

"Artículo 1313.—Sin embargo de las facultades que tiene el marido como administrador, no podrá donar, enajenar y obligar a título oneroso, los bienes inmuebles de la sociedad de gananciales, sin el consentimiento expreso de la mujer.

aun suponiendo que la donación en el presente caso fuera permitida por ley, sería inexistente porque no se dió cumplimiento al artículo 575 del Código Civil.(³)   En apoyo de su posición, la corte inferior citó el caso de *Couverthie* v. *Santiago*, 62 D.P.R. 782.(⁴)

El tribunal de distrito rechazó la contención de la demandada al efecto de que solamente la esposa del demandante o los herederos de éste podían solicitar la revocación de la donación a tenor con los artículos 586–98 del Código Civil.   La corte resolvió que aquí no estaba envuelta la revocación de una donación; que por el contrario el problema era de inexistencia de una donación por no haberse cumplido con el artículo 575; y que esto podía pedirse por cualquier persona que tuviera un interés en el asunto, en contraste con la cuestión de anulabilidad, que no puede solicitarse por la persona que la causa.

██ En apelación, la demandada señala diez errores. El primero es que la corte inferior cometió error al declarar sin lugar la moción de la demandada para que se eliminaran de la demanda las alegaciones de que el demandante y su esposa habían estado casados durante 25 años; que todos sus bienes eran gananciales; y que el demandante compró el so-

---

"Toda enajenación o convenio que sobre dichos bienes haga el marido en contravención a este artículo, y los demás dispuestos en este código o en fraude de la mujer, será nulo y no perjudicará a ésta ni a sus herederos."

Véase *Robles* v. *Guzmán*, 67 D.P.R. 718;   *cf. Pérez* v. *Hawayeck*, 69 D.P.R. 50.

(³)  El artículo 575 provee como sigue:

"Para que sea válida la donación de cosa inmueble ha de hacerse en escritura pública; expresándose en ella individualmente los bienes donados y el valor de las cargas que deba satisfacer el donatario.

"La aceptación podrá hacerse en la misma escritura de donación o en otra separada;   pero no surtirá efecto si no se hiciese en vida del donante.

"Hecha en escritura separada, deberá notificarse la aceptación en forma auténtica al donante, y se anotará esta diligencia en ambas escrituras."

(⁴) En *Couverthie* v. *Santiago*, supra, dijimos a la pág. 786: "De conformidad con el artículo 575 del Código Civil, para que la donación de cosa inmueble sea válida ha de hacerse en escritura pública, y para que surta efecto también deberá ser aceptada en escritura pública en vida del donante. Por consiguiente, una donación de palabra es inexistente y no puede constituir el justo título que se requiere para la prescripción ordinaria de diez años."

lar con $350 que pertenecían a la sociedad conyugal. La teoría del demandante fué que bajo los hechos alegados por él, la demandada retenía el solar en fideicomiso para la sociedad de gananciales bajo un fideicomiso constructivo. Como ya se ha indicado, la corte inferior dictó sentencia a favor del demandante bajo una teoría diferente; es decir, que el demandante tuvo la intención de hacer una donación inexistente a la demandada de bienes pertenecientes a la sociedad de gananciales. Sin embargo, bajo cualquiera de las dos teorías, las alegaciones en cuestión son pertinentes a la controversia existente entre las partes. En consecuencia, la corte inferior correctamente desestimó la moción eliminatoria. De cualquier modo, no vemos perjuicio alguno a la demandada aun cuando estas alegaciones hubieran sido redundantes o inmateriales. 2 Moore's *Federal Practice*, 2da. ed., pág. 2318.

El segundo señalamiento es que la corte inferior cometió error al declarar sin lugar la moción para que se hiciera más específica y definida la demanda. Esta moción, bajo la Regla 12(*e*) de nuestras Reglas de Procedimiento Civil, tiene el mismo propósito que una moción solicitando un pliego de particulares. 2 Moore, supra, pág. 2293. Sólo puede concederse cuando la alegación es tan vaga e imprecisa que la parte contraria no puede preparar debidamente una alegación responsiva. 2 Moore, supra, pág. 2303 *et seq.* Y aquí la demanda era suficiente para exigir una contestación. *Sucesión Romero* v. *Corte*, 71 D.P.R. 814. La moción, por consiguiente, fué correctamente denegada. Además, aun cuando dicha moción hubiera sido meritoria, la demandada no sufrió perjuicio alguno con su denegatoria.

Creemos conveniente agregar que las Reglas tienen por miras que se hagan alegaciones sencillas y relativamente cortas. En este caso la demandada solicitaba información que era cuestión de prueba.([5]) Tenía derecho a ello y la

---

([5]) La moción para que se hiciera la demanda más definida solicitaba que el demandante fuese requerido para que alegara en su demanda (1) el carácter con que el demandante compareció en la escritura de compraventa y si fué como apoderado, que se diga cómo fué su nombramiento; (2) si la

pudo haber obtenido antes del juicio mediante deposiciones, descubrimiento e interrogatorios. *Autoridad de Fuentes Fluviales* v. *Corte,* 66 D.P.R. 844. Pero no puede sobrecargar las alegaciones con detalles de la evidencia mediante moción para que se haga más definida la demanda o solicitando un pliego de particulares. 2 Moore, supra, pág. 2279 *et seq.; Autoridad de Fuentes Fluviales* v. *Corte,* supra; *Walling* v. *Black Diamond Coal Mining Co.,* 59 F. Supp. 348 (Dist. Ct., Ky., 1943).

■ El tercer señalamiento es que la corte inferior cometió error al declarar sin lugar la moción para desestimar la demanda. Creemos que la demanda aducía hechos suficientes para constituir una causa de acción sobre la teoría de un fideicomiso constructivo. *Ruiz* v. *Ruiz,* 61 D.P.R. 823; véase la nota 1. El caso en que descansa la demandada, *Vickers* v. *Vickers,* 65 S.E. 885 (Ga., 1909), no es aplicable. En él la corte resolvió que había habido una donación absoluta. Las alegaciones en el presente caso son en sentido contrario.

El cuarto señalamiento es que la corte inferior cometió error al declarar sin lugar la segunda moción para desestimar, radicada después de celebrado el juicio pero antes de que la corte inferior resolviera el caso. La posición de la demandada aquí es que en la demanda el demandante trata de alegar solamente una causa de acción basada en un fideicomiso constructivo; pero aun suponiendo que hubiera alegado una donación inexistente, la demanda no aducía una causa de acción porque (1) el caso no cae dentro de las disposiciones de los artículos 586–598 del Código Civil sobre revocación de donaciones y (2) la causa de acción por nulidad o inexistencia de una donación de bienes inmuebles pertenecientes a la sociedad de gananciales hecha por el marido a te-

---

condición a base de la cual el demandante compró el referido solar se hizo constar en la referida escritura y en caso de que así no sea, si se hizo constar en cualquier otro documento; (3) para qué se construyó la casa; (4) cuál fué el plano para la construcción de la misma; (5) el nombre del maestro carpintero encargado de la obra; (6) los carpinteros y obreros que utilizó en la misma; (7) los materiales que usó; (8) en qué tiempo fué construída la casa.

nor con los artículos 91 y 1313 del Código Civil puede ser ejercitada solamente por la esposa o por los herederos del marido. Como ya se ha indicado, la corte inferior rechazó estas contenciones en sus conclusiones de derecho que hemos sintetizado en esta opinión. Nada tenemos que añadir a las manifestaciones del juez de distrito a este respecto. Véase *Hernández* v. *Ayala*, 68 D.P.R. 956.

El quinto señalamiento es que la corte inferior erró al resolver el caso bajo la teoría de inexistencia de donación cuando la demanda alegaba un fideicomiso constructivo. Hemos visto que las alegaciones de la demanda eran tales que la misma aducía un causa de acción bajo la teoría de un fideicomiso constructivo. Véase la nota 1. Es decir, la corte de distrito muy bien pudo haber dictado sentencia a favor del demandante si hubiera encontrado probado el hecho de que no se tuvo la intención de hacer una donación absoluta. Pero aun cuando la corte inferior aparentemente halló probado que fué la intención hacer una donación de un bien inmueble, no podemos ver por qué no era propio que la corte inferior dictara sentencia a favor del demandante bajo la teoría legal diferente de inexistencia de donación.

La demandada estipuló la mayor parte de los hechos sobre los cuales la corte inferior basó su sentencia al efecto de que la donación era inexistente. No debe permitirse que el mero hecho de que el demandante alegara que él no hizo una donación absoluta perjudique su derecho a una decisión de que la donación fué inexistente aun cuando como cuestión de hecho él tratara de hacer una donación incondicional pero inexistente. Bajo estas circunstancias las alegaciones pueden considerarse como enmendadas para conformarlas a la prueba, bajo la Regla 15(*b*). *Mena* v. *Llerandi*, 70 D.P.R. 176, 180, y casos citados; cf. *Rivera* v. *Sucn Díaz Luzunaris*, 70 D.P.R. 181, 214, opinión concurrente.

En el sexto señalamiento la demandada sostiene que la corte inferior cometió error al resolver de hecho que la donación que hiciera el demandante a la demandada era

una de bien inmueble. La posición de la demandada es que de la prueba surge que el demandante le dió a la demandada $350 al entregarle aquél dicha suma al señor Viera con el fin de que éste le diera a cambio una escritura del solar y que el demandante esporádicamente invirtió sumas de dinero en la construcción de la casa para la demandada.

No habría impedimento legal alguno para que el demandante le donara a la demandada la suma de $350 con la cual ésta pudiera comprarse un solar. En igual forma, el demandante pudo válidamente darle el dinero a la demandada con el cual podría construirse la casa en el solar. La dificultad está en que la corte inferior no resolvió que éstos eran los hechos probados. Más bien decidió que el demandante compró el solar con $350 pertenecientes a la sociedad de gananciales; que el solar entonces pertenecía a la sociedad; que lo único que restaba para formalizar la transacción era el otorgamiento de la escritura; que luego el demandante trató de hacer una donación del solar a la demandada, instruyendo al vendedor que otorgara la escritura a nombre de ella. Bajo estos hechos, el demandante infringió los artículos 91 y 1313 del Código Civil, que prohíben la enajenación de bienes inmuebles de la sociedad conyugal por el marido sin el consentimiento de la esposa. Además, sus instrucciones al vendedor para que otorgara una escritura de dicho solar a nombre de la demandada no constituyeron el debido cumplimiento con el artículo 575 que exige que el donante de bienes inmuebles haga la donación mediante escritura pública. Y el no haberse cumplido con el artículo 575 hace que la donación sea inexistente. De igual forma, la corte inferior resolvió que la casa fué construída por el demandante con fondos de la sociedad conyugal y que luego fué donada oralmente a la demandada. Los autos contienen suficiente evidencia para sostener estas conclusiones de hecho. Por tanto, no estamos en libertad de alterar las mismas.

El séptimo señalamiento es que la corte inferior cometió error al concluir como cuestión de derecho que "se tra-

taba de un bien inmueble, en relación con el cual establece una inexistencia de donación". Pero una vez que aceptamos las conclusiones de hecho de la corte inferior, no puede haber duda de que como cuestión de derecho el marido trató de hacer una donación de bienes inmuebles pertenecientes a la sociedad de gananciales sin el consentimiento de la esposa, todo ello en violación de los artículos 91 y 1313 y sin dar cumplimiento al artículo 575.

█ El octavo error es esencialmente una repetición del quinto. Sin embargo, bajo el mismo la demandada sostiene que la acción sobre nulidad de donación había prescrito a tenor con el artículo 1253 del Código Civil, por haberse radicado este pleito más de cuatro años después de hacerse la referida donación. Pero, según indicó la corte inferior, ésta no es una acción para anular la donación, sino más bien una acción para que se declare la inexistencia de la donación, la cual nunca prescribe. Véanse *Crespo* v. *Schluter*, 58 D.P.R. 834; *Sucn. Trías* v. *Porto Rico Leaf Tobacco Co.*, 50 D.P.R. 91; *Sucn. Suro* v. *Sucesión Prado et al.*, 21 D.P.R. 241.

Los errores noveno y décimo tratan de cuestiones que ya se han discutido en el curso de esta opinión.

*La sentencia del tribunal de distrito será confirmada.*

El Juez Presidente Sr. de Jesús no intervino.