Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| HERIBERTO GARCÍA PARRA<br><br>Apelante<br><br>v.<br><br>PHYSICIAN CORRECTIONAL COMPAÑÍA Y OTROS<br><br>Apelado | TA2025AP00518 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso núm.: BY2025CV02073<br><br>Sobre: Mandamus |

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero.

**Rivera Torres, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 11 de diciembre de 2025.

Comparece ante este tribunal apelativo, el Sr. Heriberto García Parra (señor García Parra o apelante), por derecho propio e *in forma pauperis*, mediante el recurso de apelación[1] y nos solicita que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI), el 23 de septiembre de 2025, notificada el 26 de septiembre siguiente. Mediante este dictamen, el foro primario desestimó la demanda incoada por el apelante ante el incumplimiento con las órdenes emitidas por el tribunal.

Por los fundamentos que expondremos a continuación, procede confirmar la *Sentencia* apelada.

**I.**

---

[1] Mediante nuestra *Resolución* del 6 de noviembre de 2025 acogimos el recurso como una apelación por ser el adecuado para por recurrir de una *Sentencia* final. Véase, el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA), Entrada núm. 2.

El 14 de abril de 2025, el señor García Parra presentó ante el TPI un recurso extraordinario a través de un escrito intitulado *Auto de Mandamus Perentorio.*[2] En este, a nuestro parecer, solicita que se le entregue algún equipo que le asista por ser impedido. Ello, sin especificar alegaciones más detalladas sobre su petición. Más adelante, el 23 de mayo y el 30 de junio, presentó dos escritos adicionales intitulados *Auto de Mandamus Perentorio y Suplementario*[3] *y Mandamus Perentorio Suplementario (2),* respectivamente.[4] Observamos que ambos documentos contienen expresiones generales sobre daños y perjuicios y sanciones económicas; así como violación de derechos sin detallar actos concretos que apoyen dichas afirmaciones.

Ante la presentación de los referidos escritos, el 15 de julio de 2025, el TPI emitió una *Orden* mediante en la cual determinó que la moción no era legible y; en consecuencia, le ordenó al señor García Parra escribir más claro para que el tribunal pudiera entender sus mociones.[5]

Al día siguiente, 16 de julio, el Dr. Marcos Devarie Díaz, codemandado-recurrido, presentó una *Moción Solicitando Exposición más Definida.*[6] Mediante esta, arguyó que le era imposible presentar su contestación a la demanda debido a que no entendía el escrito. De manera que solicitó al TPI que le concediera al apelante un término de treinta (30) días para que hiciera una exposición más definida y legible de su demanda. Además, de que, si dicha parte no cumplía, se procediera con la desestimación de la demanda por no exponer hechos suficientes que justifiquen la concesión de un remedio en ley.

---

[2] Véase, el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI), Entrada núm. 1.
[3] SUMAC TPI, Entrada núm. 8.
[4] SUMAC TPI, Entrada núm. 10.
[5] SUMAC TPI, Entrada núm. 11.
[6] SUMAC TPI, Entrada núm. 12.

El 21 de julio de 2025, el TPI emitió una *Orden* mediante la cual le concedió el referido plazo al señor García Parra para que realizara una exposición más definida y legible de su demanda, so pena de desestimación por no exponer hechos suficientes que justificaran la concesión de un remedio en ley.[7]

El 4 de agosto, el apelante instó un escrito intitulado *Procedimiento Suplementario, núm. #(3) al Mandamus Perentorio.*[8] De igual forma, el 11 de agosto, presentó un *Auto de Mandamus Perentorio.*[9] En el primero, a grandes rasgos, menciona que su reclamo, previo a ser trasladado de la Institución Guayama 500, se relaciona a una solicitud de silla de rueda liviana, silla de ducha para el baño, *mattress* ortopédico y almohada. Además, indica que sufrió una caída por las malas condiciones de la silla de rueda, más existió una indiferencia deliberada a sus condiciones médicas en la Institución Bayamón 501.

Asimismo, en el segundo escrito este vuelve a realizar mención sobre una indemnización por daños y perjuicios sufridos más se refiere a la caída de la silla de ruedas, alergia en los brazos y la falta de medicamentos *correctos*.

Ante la presentación de estos últimos, el 14 de agosto de 2025, el TPI emitió dos órdenes mediante las que ratificó que los escritos no eran legibles, y que era la tercera ocasión en la que se le ordenaba al señor García Parra que escribiera mejor sus mociones para que el tribunal pudiera entenderle.[10]

Así las cosas, el 5 de septiembre de 2025, el señor García Parra presentó una nueva moción que tituló *Urgente Mandamus Perentorio y porque es Contraria a Derecho.*[11] Al igual que los escritos anteriores, esta era ilegible en algunas partes e ininteligible en

---

[7] SUMAC TPI, Entrada núm. 13.
[8] SUMAC TPI, Entrada núm. 14.
[9] SUMAC TPI, Entrada núm. 15.
[10] SUMAC TPI, Entradas núms. 16 y 17.
[11] SUMAC TPI, Entrada núm. 19.

cuánto a qué reclamaba concretamente. De lo poco que podemos comprender, se indica que ahora está en la Institución Ponce 500 y que su causa de acción se relaciona a daños por negligencia y culpa de unos empleados de la compañía que ofrecen servicios de salud correccional. Agregó que para la solución de los asuntos es indispensable celebrar una vista.

Analizados dichos documentos, el 26 de septiembre de 2025, el TPI emitió la *Sentencia* apelada en la que determinó lo siguiente:

> La parte demandante, Heriberto García Parra, presentó una demanda no legible para este Tribunal.
>
> Ante ello, el 15 de julio de 2025 se emitió una orden para que la parte demandante presentara sus escritos más claros y así poder atender los mismos.
>
> El 21 de julio de 2025, el Tribunal emitió otra orden en la cual se le concedió un término de 30 días, a la parte demandante, para que haga una exposición más definida y legible de su demanda, so pena de desestimación por no exponer hechos suficientes que justifiquen la concesión de un remedio en ley.
>
> Luego de ello, el 14 de agosto de 2025, se volvió a emitir una orden donde, por tercera ocasión, se le ordena a la parte demandante a escribir más legible sus mociones.
>
> Sin embargo, al presente, la parte demandante no ha cumplido con las órdenes del Tribunal, por lo que se dicta Sentencia desestimando el presente caso toda vez que la parte demandante no cumplió con la Regla 10.4 de Procedimiento Civil de Puerto Rico.

Inconforme con dicha determinación, el señor García Parra acude ante el Tribunal de Apelaciones solicitando la revocación de la *Sentencia.* Aunque no formuló propiamente un señalamiento de error, más bien, este argumenta que le parece muy drástica la determinación recurrida, por entender que le priva de su día en corte.

Así las cosas, el 6 de noviembre de 2025, emitimos una *Resolución* concediéndole a la parte apelada el término de 20 días para presentar su oposición. El 12 de noviembre siguiente, la parte apelada presentó un escrito intitulado *Moción en Cumplimiento de*

*Orden,* por lo que nos damos por cumplidos y, a su vez, decretamos perfeccionado el presente recurso.

## II.

Una demanda debe tener "una relación sucinta y sencilla de los hechos demostrativos de que la parte peticionaria tiene derecho a un remedio". Regla 6.1 (1) de las de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1 (1). A tenor, las alegaciones tienen el propósito de bosquejar "a grandes rasgos, cuáles son las reclamaciones, de forma tal que la parte demandada quede notificada de la naturaleza general de las contenciones en su contra y pueda comparecer a defenderse si así lo desea". *Ortiz Díaz v. R & R Motor Sales Corp.,* 131 DPR 829, 835 (1996). En consecuencia, al entender en una moción de desestimación las alegaciones en la demanda, cuya desestimación se solicita, deben ser interpretadas conjunta y liberalmente a favor del demandante. *López v. Secretaria,* 162 DPR 345, 356 (2004).

Cónsono con lo anterior, la Regla 10.4 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 10.4, establece que:

> Si una alegación contra la cual se permita una alegación responsiva es tan vaga o ambigua que no sería razonable exigirle a una parte que formule una alegación responsiva, dicha parte podrá solicitar una exposición más definida antes de presentar su alegación responsiva. La moción deberá estar debidamente fundamentada y señalará los defectos de la alegación y las especificaciones interesadas. **Si el tribunal declara "con lugar" la moción y no se cumple con la orden dentro de diez días (10) de notificada, o dentro de cualquier otro plazo que fijare el tribunal, éste podrá eliminar la alegación contra la cual iba dirigida la moción o resolver lo que en justicia proceda.** (Énfasis nuestro)

Según la referida Regla, el tribunal le concede a la parte promovida la oportunidad de presentar enmiendas a las alegaciones defectuosas de forma tal que permita a la parte demandada responder de forma informada las alegaciones de la

demanda. Esta norma debe entenderse dentro del contexto de la Regla 6 de Procedimiento Civil, la cual solamente requiere que las alegaciones de la demanda sean sucintas y sencillas sobre la reclamación solicitada. Regla 6 de Procedimiento Civil, 32 LPRA Ap V, R. 6. En esencia, se exige que la alegación de la demanda cumpla con notificarle al demandado sobre la reclamación que se ha instado en su contra, de modo que este pueda preparar su defensa de forma idónea.

Asimismo, la moción para solicitar una exposición más definida tiene el mismo propósito que una moción solicitando un pliego de particulares. Solamente puede concederse cuando la alegación es tan vaga e imprecisa que la parte contraria no puede preparar debidamente una alegación responsiva. *Santiago v. Rodríguez*, 72 DPR 266, 272 (1951). La información que sea cuestión de prueba puede obtenerse antes de juicio, mediante deposiciones, requerimientos de admisiones o interrogatorios más bien que por moción para hacer más definida la demanda. Véase J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da Ed., San Juan, Luiggi Abraham, 2011, Tomo II, pág. 546.

La concesión de una exposición más definida es discrecional y no se favorece por tener un efecto dilatorio en el procedimiento. El efecto principal del pliego de especificaciones es complementar las alegaciones de la alegación respondiente, con más particularidad, con el fin de evitar sorpresas en el juicio, y que la controversia pueda trabarse más inteligentemente. *Lókpez v. Lókpez*, 64 DPR 684, 689 (1945). La moción no sustituye el proceso del descubrimiento de prueba. La misma paraliza el plazo para contestar y puede resolverse sin la celebración de una vista, siempre y cuando las partes hayan tenido la oportunidad de expresarse por escrito. Si es declarada con lugar la mejor práctica

radica en someter una demanda enmendada. J. Cuevas Segarra, op cit., pág. 547.

**III.**

En esencia, la parte apelante adujo que erró el TPI al desestimar el pleito que había incoado. Según argumentó, la determinación fue una drástica que le priva de su día en corte. Adelantamos que no le asiste la razón.

En nuestro ordenamiento jurídico se exige que las alegaciones de una demanda cumplan con notificarle al demandado sobre la reclamación que se ha instado en su contra, de modo que este pueda preparar su defensa de forma idónea. Un escrito ilegible e ininteligible, adolece de la vaguedad e imprecisión que impide que la parte contra la que se reclama se vea imposibilitada de realizar su alegación responsiva.

Como corolario de esto, la Regla 10.4 de las de Procedimiento Civil, *supra*, permite que la parte pueda solicitar al tribunal que le ordene al reclamante la realización de una exposición más definida de su reclamación. Nótese que la precitada regla establece un término discrecional de diez (10) días, pero le da la facultad al juzgador de establecer otro plazo. De no cumplirse con lo ordenado, permite que se elimine el escrito que no fue subsanado e, incluso, cualquier actuación que en derecho proceda.

En el caso ante nuestra consideración, en reiteradas ocasiones el tribunal le ordenó al apelante que escribiera de forma que pudiera entenderse y que realizara una exposición más definida de su reclamación. El término concedido fue en exceso de los diez (10) días fijado por la Regla 10.4, *supra*. En respuesta a ello, el apelante incoó una serie de escritos que resultan difícil de leer y comprender a cabalidad.

Sin embargo, y como hemos explicado, de una lectura sumamente complicada de los referidos escritos, solo pudimos

especificar algunas partes. Debemos advertir que de los extractos que pudimos delimitar, se pueden definir las alegaciones de manera sencilla y sucinta que permitan a la parte demandada-recurrida levantar adecuadamente su alegación responsiva.

Así, nos es forzoso concluir que el TPI incurrió en error al desestimar el presente pleito por un alegado incumplimiento con las órdenes del tribunal y al amparo de la Regla 10.4, antes citada. Además, según expusimos en el derecho precedente, si es declarada con lugar la moción al amparo de la Regla 10.4 de las de Procedimiento Civil, *supra*, para que se realice una exposición más definida de una reclamación, la mejor práctica radica en que el tribunal ordene presentar una demanda enmendada.

Superado lo anterior, destacamos que conforme las alegaciones que podemos comprender de la demanda y según explicamos, el señor García Parra instó un recurso extraordinario de *mandamus* en el que, por ser impedido, menciona que ha solicitado una silla de rueda liviana, silla de ducha para el baño, *mattress* ortopédico y almohada. Más refiere que sufrió una caída por las malas condiciones de la silla de rueda y que existió una indiferencia deliberada a sus condiciones médicas.

Respecto al recurso extraordinario del *mandamus* se hace indispensable señalar que este es un auto altamente privilegiado mediante el cual una parte le solicita al tribunal que ordene a un ente, corporación, junta, oficina gubernamental o tribunal de inferior categoría, que cumpla con algún acto que en dicho auto se exprese y que esté dentro de sus atribuciones o deberes. Dicho auto no confiere nueva autoridad y la parte a quien obliga deberá tener la facultad de poder cumplirlo. Artículos 649 y 650 del Código de Enjuiciamiento Civil de Puerto Rico, 32 LPRA secs. 3421-3422. El requisito fundamental para expedir el recurso de *mandamus* reside, pues, en la constancia de un deber claramente

definido que debe ser ejecutado. Es decir, "la ley no sólo debe autorizar, sino exigir la acción requerida". *AMPR v. Srio. Educación, E.L.A.*, supra, págs. 263-264. Por ello, la persona que se vea afectada por el incumplimiento del deber podrá solicitar el recurso. *Íd.*

Corolario de lo anterior, al ser un recurso altamente privilegiado, su expedición descansa sobre la sana discreción del foro judicial. Ahora bien, dicha expedición "no procede cuando hay un remedio ordinario dentro del curso de ley, porque el objeto del auto no es reemplazar remedios legales sino suplir la falta de ellos". Artículo 651 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3423; *AMPR v. Srio. Educación, ELA*, 178 DPR 253, 266 (2010).

Ahora bien, antes de radicarse la petición de *mandamus*, la jurisprudencia requiere que el peticionario le haya hecho un requerimiento previo al demandado para que este cumpla con el deber que se le exige, debiendo alegarse en la petición, tanto el requerimiento como la negativa, o la omisión del funcionario en darle curso. Solo se exime de este requisito: (1) cuando aparece que el requerimiento hubiese sido inútil e infructuoso, pues si de haberse hecho hubiese sido denegado o; (2) cuando el deber que se pretende exigir es uno de carácter público, a diferencia de uno de naturaleza particular, que afecta solamente el derecho del peticionario. *Noriega v. Hernández Colón*, 135 DPR 406, 448-449 (1994).

Acorde con la normativa antedicha, el señor García Parra falló en poner en condición tanto al foro primario como a esta *Curia* de poder adjudicar sus reclamos. En especial, en su demanda y posteriores escritos no hace mención alguna del deber o deberes ministeriales adscritos a los demandados y que estos se hayan negado a ejecutarlos. Aún más, no podemos ignorar que el auto de *mandamus* resulta improcedente cuando existe un remedio

ordinario dentro del curso de ley. Esto, debido a que el propósito del recurso no es reemplazar remedios legales, sino suplir la falta de ellos. Véase, Artículo 651 del Código de Enjuiciamiento Civil, *supra.*

Al respecto, los reclusos de las instituciones penales cuentan con la División de Remedios Administrativos. Dicha división es el ente administrativo dentro del Departamento de Corrección y Rehabilitación responsable de atender los reclamos de los confinados referentes a las múltiples condiciones y situaciones que enfrentan en su convivencia en las cárceles.

El Departamento de Corrección y Rehabilitación promulgó el Reglamento Núm. 8583 de 4 de mayo de 2015, intitulado *Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional.* Éste tiene como objetivo principal que toda persona recluida en una institución correccional disponga de un organismo administrativo, **en primera instancia**, ante el cual pueda presentar una solicitud de remedio con el fin de minimizar las diferencias entre los miembros de la población correccional y el personal, y para evitar o reducir la radicación de pleitos en los tribunales de justicia.

La Regla VI del Reglamento Núm. 8583, *supra,* dispone que la División de Remedios Administrativos tendrá jurisdicción para atender toda "solicitud de remedio" instada por los miembros de la población correccional donde se encuentren extinguiendo sentencia y que se relacione directa o indirectamente con, entre otros reclamos, **actos o incidentes que afecten personalmente al miembro de la población correccional en su bienestar físico, mental, en su seguridad personal o en su plan institucional.**

Ahora bien, del expediente electrónico no surge que el apelante incoara ante dicho foro interno de la agencia una solicitud

de remedio exponiendo sus reclamos, que se hubiera emitido una respuesta sobre el pedido en su beneficio y que los demandados, sin razón válida alguna, se hayan negado a cumplir lo ordenado.

En fin, procede desestimar la demanda por incumplimiento craso con las formalidades sustantivas para perfeccionar el recurso extraordinario de *mandamus*.

**IV.**

En virtud de lo antes expuesto, procede confirmar la *Sentencia* apelada por otros fundamentos.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones