FLORENCIA OROZCO DEL VALLE, demandante y apelante, *v.* ESTADO LIBRE ASOCIADO DE PUERTO RICO, demandado y apelado.

Número 12433.

*Sometido:* 23 de junio de 1958. *Resuelto:* 30 de junio de 1958.

*Raimundo Suárez Lazú,* abogado de ·la apelante; *Hon. Secretario de Justicia J. B. Fernández Badillo, Arturo Estrella, Secretario de Justicia Auxiliar y Juan Pedrosa, Jr., y Fausto Ramos Quirós, Procuradores Auxiliares,* abogados del apelado.

*PER CURIAM:* Se trata de una demanda de daños y perjuicios contra el Estado Libre Asociado de Puerto Rico por la cantidad de $15,000. El tribunal a quo dictó sentencia decla-

rando sin lugar la demanda, a base de las siguientes conclusiones:

A. "Conclusiones de Hecho

"1—Que la demandante, Florencia Orozco del Valle, fué la esposa de Pascasio Orozco Gómez.

"2—Que el día 1ro. de enero de 1956, Pascasio Orozco Gómez fué hallado muerto en el kilómetro 9 de la carretera número 183, que es una vía pública bajo el cuidado, mantenimiento y control del Departamento de Obras Públicas del Estado Libre Asociado de Puerto Rico.

"3—Que la carretera antes mencionada es utilizada por millares de vehículos y personas, tanto de día como de noche.

"4—Que el sitio donde fué encontrado muerto Pascasio Orozco Gómez, es una alcantarilla formada, en su parte superior por la carretera número 9 y por dentro de la alcantarilla fluye una pequeña quebrada.

"5—Que la carretera número 183, en el sitio donde apareció muerto Pascasio Orozco Gómez, tiene un área asfaltada de dieciséis pies, teniendo un paseo a ambos lados que mide como dos pies.

"6—Que del tope de la carretera a la quebrada que fluye por la alcantarilla hay una altura de 26 pies 3 pulgadas. (Ver fotografías sometidas en evidencia, donde están indicadas las medidas exactas).

"7—Que el día 31 de diciembre de 1955 el Sr. Pascasio Orozco Gómez, acompañado de otras personas estuvo tomando licor y, ya de noche, fué visto por la carretera número 183 en completo estado de embriaguez tambaleándose y cayéndose (véase informe de la policía sometido en evidencia por estipulación de las partes). Ex–I Demandado—

"8—La carretera número 183 fué construída hace treinta o cuarenta años y el único accidente ocurrido en el sitio a que se contraen los hechos de este caso ocurrió hace alrededor de diez años, sin resultados que lamentar.

"9—Pascasio Orozco Gómez conocía perfectamente esta porción de la carretera 183, ya que hacía años vivía en las cercanías del kilómetro 9 y para ir a su trabajo pasaba por la alcantarilla a que se ha hecho referencia, diariamente."

B. "Conclusión de Derecho

"Que en la muerte de Pascasio Orozco Gómez no intervino culpa ni negligencia ni descuido ni acto ni omisión por parte del

Departamento de Obras Públicas de Puerto Rico ni de ningún funcionario o agente del Estado Libre Asociado de Puerto Rico y por tanto éste no viene obligado a compensar los daños que por la muerte de su esposo haya podido sufrir la demandante."

La apelante presentó su alegato con fecha 17 de abril de 1958. El apelado solicitó una prórroga para presentar el suyo que venció el día 16 de junio de 1958. Sin embargo, no habiéndose solicitado prórroga adicional por el Secretario de Justicia, el caso quedó sometido sin alegato alguno por parte del Estado Libre Asociado de Puerto Rico.

Ante nos la apelante apunta que el Tribunal Superior cometió error: (1) "Al llegar a conclusiones de derecho que no estaban sostenidas por las conclusiones de hechos, ni por la evidencia"; (2) "Al resolver el caso sin hacer ninguna conclusión en cuanto a si había una condición de peligrosidad en el puente que fuera la causa próxima de la muerte de Pascasio Orozco Gómez"; (3) "En la apreciación de la prueba presentada".

El primer error no tiene méritos. En el juicio se presentó prueba suficiente que mereció crédito al juzgador al efecto de que la muerte de Pascasio Orozco sobrevino por su propia negligencia o fortuitamente y de que no intervino culpa o negligencia alguna de la parte demandada. En efecto, aunque no existían barandas en el puente, se demostró que en la noche del 31 de diciembre de 1955 Orozco caminaba sobre el puente en estado de embriaguez, tambaleándose, cayéndose y levantándose. Por otro lado, en el puente donde Orozco sufrió esa misma noche la caída que le ocasionó la muerte, las partes estipularon que la carretera tenía un área asfaltada de 16 pies y un paseo a ambos lados de 2 pies de ancho. En consecuencia, apreciadas en conjunto las pruebas practicadas, procede deducir que el daño producido por la muerte de Orozco no es imputable a culpa o negligencia del Estado Libre Asociado de Puerto Rico. No puede existir obligación de reparar un daño que no fué causado por acción u omisión culposa o negligente de la parte demandada.

■ También carece de méritos el segundo error señalado. El tribunal sentenciador implícitamente determinó que la ausencia de barandas en el puente no fué la causa próxima de la muerte de Orozco. Además, para imputar responsabilidad al demandado, no basta que haya existido una condición de peligrosidad en el puente, si ésta no constituyó la causa del daño. Como señalamos, la caída que ocasionó la muerte a Orozco se debió a su propia negligencia o a una causa fortuita pero no a culpa o negligencia alguna imputable al Estado Libre Asociado. Obviamente el demandado no está obligado a reparar el daño cuyo resarcimiento se reclama en este pleito, ya que no existe relación de causalidad entre la alegada peligrosidad del puente y la muerte de Orozco.

■ En cuanto al tercer error creemos que, en vista de las pruebas practicadas, no existe base para dejar sin efecto las determinaciones de hecho del tribunal sentenciador. Dichas determinaciones no resultan a nuestro juicio "claramente erróneas", pues hay prueba oral y documental convincente en el rócord que las sostiene. Véanse 32 L.P.R.A. Ap. R. 52; *Carrión* v. *Tesorero de Puerto Rico*, 79 D.P.R. 371, 384–386 (1956); *Ochoa* v. *Compañía Ron Carioca*, 79 D.P.R. 861, 862 (1957); *Wolff* v. *Hernández*, 76 D.P.R. 650, 658–660 (1954); *Sucn. Marrero* v. *Santiago*, 74 D.P.R. 816, 821 (1953); *Santiago* v. *Rodríguez*, 72 D.P.R. 266, 275 (1951).

*Siendo ello así, procede confirmar la sentencia apelada.*