JUAN MANUEL TORRES OCASIO, demandante y recurrido, *v.* AUTORIDAD SOBRE HOGARES DE PUERTO RICO, demandada y recurrente.

*Número:* R-63-240     *Resuelto:* 4 de abril de 1966

*Juan Enrique Géigel, Guillermo Silva, Jaime A. García Blanco, Hernán G. Pesquera, Vicente Santori Coll y Miguel A. Giménez Muñoz,* abogados de la recurrente; *Ángel Manuel Ciordia,* abogado del recurrido.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Hernández Matos, Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Se trata de la revisión de una sentencia dictada por el Tribunal Superior, Sala de Bayamón, contra la Autoridad de Hogares de Puerto Rico, condenándola a pagar a los recurri-

dos la suma de $12,000 en concepto de daños y perjuicios sufridos por la muerte de un niño al caerse éste del balcón de un segundo piso del Caserío Catoni de Vega Baja.

De acuerdo con las conclusiones de hecho del Tribunal sentenciador, los padres del niño, llamados Juan Manuel Torres Ocasio y Ludovina Vázquez vivían con sus hijos en una zona de arrabal de Vega Baja. La Autoridad de Hogares le expropió la pequeña casa de su propiedad valorada en $50.00 y les ofreció arrendarles, sujeto al Reglamento Para Uso de viviendas en los Caseríos Públicos, un apartamiento en el "Caserío Enrique Catoni" de Vega Baja, por un canon de $4.00 mensuales. Al enterarse Torres Ocasio que sería mudado al apartamiento Núm. 42 en un segundo piso protestó ante el empleado de la Autoridad encargado de efectuar esos traslados, habiéndole prometido dicho empleado hacer algo. La familia Torres ocupó el indicado apartamiento, según revela la prueba, en el año 1953.

En octubre de 1955, una hija de los esposos Torres Vázquez, de 4 años de edad, se cayó inesperadamente del balcón posterior del apartamiento 42 pero no sufrió daños. Con motivo de este accidente Torres hizo gestiones con la Administradora del Caserío Catoni para que lo cambiaran para un apartamiento de la planta baja o que en la alternativa le permitieran instalar tela metálica en los balcones. La Administradora negó la solicitud del inquilino Torres porque no había apartamientos desocupados en la planta baja y la instalación de tela metálica en los balcones afeaba el ornato de los edificios y era contraria al Reglamento.

El día 7 de diciembre de 1955 se cayó del balcón del frente del apartamiento otro hijo de los esposos Torres Vázquez, recibiendo lesiones que le causaron la muerte. Este niño tenía dos años y dos meses de edad y medía como tres pies de alto. El balcón "tenía una baranda sin huecos o balaustradas de 40 pulgadas de alto, haciéndose imposible al menor disfrutar de vistas sin trepar sobre algún objeto".

A base de los hechos que dejamos expuestos el tribunal sentenciador concluyó que la actitud adoptada por la Autoridad de Hogares con la familia Torres Vázquez constituyó negligencia y que esta negligencia "fue la única responsable de la muerte del menor Gilberto Enrique". Sin embargo de las Conclusiones de Derecho formuladas por dicho tribunal se deduce que la negligencia de la demandada consistió en no proveerle a la familia Torres Vázquez una vivienda segura. A ese efecto tomó conocimiento judicial en el momento de formular sus conclusiones, de "que un gran número de plantas altas de residencias en nuestra ciudad capital y en particular en los modernos condominios que buscan los cielos, sobre las barandas de sus balcones hay colocadas rejas o valladares con el evidente propósito de proteger los niños—y hasta mayores—de posibles caídas. Tal conocimiento judicial —dijo el Tribunal—no lo podemos tomar respecto a los caseríos".

De la conclusión hecha por el tribunal sentenciador al efecto de que la actitud asumida por la Autoridad con la familia Torres Vázquez fue la única causa de la muerte del menor, entendemos que declaró incursa en negligencia a la demandada (1) por no haber trasladado dicha familia a un apartamiento terrero después de ocurrir la primera caída de una niña del balcón posterior y (2) en no haberle permitido a dicha familia poner tela metálica en los balcones.

No hay base para considerar que la acción ejercitada en este caso está basada en la violación por la demandada de sus obligaciones contractuales como arrendadora. (¹)

Aunque la demandada no asumió la obligación legal de trasladar al demandante y a su familia a un apartamiento de la planta baja, su negativa a ello obedeció a que no había apartamientos terreros en el caserío disponibles para arrendarlos a dicho demandante. Por otro lado, el demandante tomó el

---

(¹) Cf. *Arroyo* v. *Caldas*, 68 D.P.R. 689 (1948); *Just* v. *Moreno*, 63 D.P.R. 673 (1944).

apartamiento en el segundo piso sujeto al "Reglamento Para Uso de Viviendas en los Caseríos Públicos", los que contienen la prohibición de instalar tela metálica en los balcones. Éste no es el caso en que puede imponerse responsabilidad a la demandada porque en el cumplimiento de sus obligaciones haya incurrido en dolo, negligencia o morosidad o porque hubiese contravenido el tenor de aquéllos. Art. 1054 del Código Civil (31 L.P.R.A. sec. 3018). Tampoco puede predicarse la presente acción en el Art. 1042 del mismo código pues no hay base para imputarle a la demandada haber incurrido en un acto u omisión ilícitos en los que intervinieron culpa o negligencia. Ni aun bajo el Art. 1802 del Código Civil (31 L.P.R.A. sec. 5141) podría imponérsele responsabilidad.

No podemos convenir con el tribunal sentenciador en que la actitud asumida por la demandada respecto a las solicitudes hechas por el demandante para que le mudara a un apartamiento terrero constituyen negligencia y mucho menos que tal actitud fuera la causa del accidente.

Ningún testigo presenció la caída del niño desde el balcón. El juez sentenciador concluyó que dicho niño no podía disfrutar de vistas en ese balcón sin trepar sobre algún objeto. Tanto por la descripción del susodicho balcón hecha por los testigos como por las fotografías del mismo presentadas en evidencia es forzoso inferior que el niño debió trepar sobre algún mueble u objeto para alcanzar la baranda o extremo superior del balcón para desde allí caer a la calle. Tanto el objeto o mueble dejado en el balcón o el dejar una puerta abierta con acceso al balcón fue la causa del desgraciado accidente en que perdió la vida el infortunado niño, hijo del demandante. De la ocurrencia de esos dos hechos no puede culparse a la demandada. (2)

---

(2) Un demandado no responde por su negligencia si no hay relación de causa y efecto entre la negligencia y el daño sufrido. *Orozco* v. *Estado Libre Asociado*, 80 D.P.R. 607 (1958); *López* v. *Rexach*, 58 D.P.R. 143 (1941); *Usera* v. *González*, 74 D.P.R. 487 (1953); *Rivera* v. *Dunscombe*, 73 D.P.R. 819 (1952).

456

Aunque el suceso en sí es lamentable no encontramos base legal para responsabilizar a la demandada por su ocurrencia. (³)

*Por las razones expuestas se revocará la sentencia dictada por el Tribunal Superior y se dictará otra declarando sin lugar la demanda.*

---

(³) Ello no significa, desde luego, que la Autoridad esté exenta de responsabilidad cuando los hechos demuestren que la causa de un accidente en el que sufran daños los inquilinos, sea la falta de seguridad en los edificios construidos para caseríos públicos.